C. PAYNE AND OTHERS v. B. F. POWELL.

An executory contract, or promise, to pay usurious interest, in consideration of an agreement to give further time, not being obligatory on the principal, will not discharge the surety.

Appeal from San Augustine.   Suit by appellee against appellants, on a note executed by them and one Reuben D. Wood, (who was alleged to be dead) for $100, payable twelve months after date, with interest at twelve per cent.   To this, among other things, defendants pleaded that they executed said note as sureties of Wood, which was known to Powell; that after the note became due, Powell agreed to wait with Wood six months longer, in consideration of the further sum of six and one-half dollars, which Wood promised to pay for the forbearance, without the knowledge or consent of appellants.   This plea was excepted to, and the exception sustained by the Court.

O. M. Roberts, for appellants.   The questions arising upon this plea are fully reviewed and settled in the case of Burke et al. v. Cruger & Moore, (8 Tex. R. 67.)

One point which is perhaps not fully covered by that deci-- sion is, as to the nature of the consideration of the contract ex-- tending delay to the principal. The consideration in this case was Wood's promise to pay $6 50 to Powell. (Reynolds v. Ward, 5 Wend. 503; Hubbly v. Brown, 16 Johns. R. 69; Story on Contracts, Sec. 544, n., 606–7; 5 Dana, 84, 85.)

It is believed that cases may be found where it has been held that a mere promise, not executed, which undertakes to pay more than legal interest, does not release the surety. But it is submitted to the Court, that this is making a very impor- tant distinction, upon what is practically a very slight differ- ence in principle. Because, how much better is a payment of money, which, being usurious, can be recovered back, than a promise to pay money, which may be recovered, unless usury be pleaded? (King v. Baldwin, 2 Johns. Ch. R. 555, 560.)

*H. M. Kinsey*, for appellee, cited Large v. Passmore, 5 Serg. & Rawl, R. 51; Anderson v. Mannon, 7 B. Monroe, 218; Duncan v. Reed, 8 Id. 382; Scott v. Hall, 6 Id. 285.

WHEELER, J. The agreement, set up in the answer, as an agreement to give further time to the principal debtor, where- by the sureties are discharged from their liability, being an agreement to pay, for the use of money loaned, a larger pre- mium, or rate of interest, than is allowed by law, was usurious and void. (Hart. Dig. Art. 1609; 1 Wend. R. 555; 6 Id. 415.)

It is well settled, that the mere giving of time to the prin- cipal debtor, without a binding agreement to that effect, will not discharge the surety. (Burke v. Cruger, 8 Tex. R. 66; Cruger v. Burke, 11 Id. 694.) And it seems equally well set- tled, that an executory contract, or promise to pay usurious interest, not being obligatory on the principal, and the agree- ment to give time, consequently, being without consideration and void, such an agreement will not discharge the surety. (7 B. Monroe, 218; 6 Id. 287; 3 Id. 262; 1 Id. 322, 325.)

We are of opinion, therefore, that the Court did not err in sustaining exceptions to the plea setting up this defence. The judgment is affirmed.

Judgment affirmed.