## CHRISTOPHER D. ROBERTS *v.* THOMAS A. STEWART.

1. PRINCIPAL AND SURETY: WHAT AGREEMENT FOR DELAY WOULD RELEASE SURETY.— A mere gratuitous promise, by the creditor to the principal debtor, to forbear suit for any stated time, if carried out, will not discharge the surety.

2. SAME.—The payment of a part of the debt, *after it has become due*, being but a part performance of an obligation already existing on the debtor, is not a sufficient consideration to support an agreement for forbearance of suit; and such a contract, entered into between the creditor and his principal debtor, will not release the surety.

3. SAME.—An agreement to forbear suit, in order to release the surety, must be founded on a sufficient legal consideration, and be capable of enforcement in law. A promise to pay usurious interest, or a security given therefor, is illegal and void, and not binding on the debtor; hence, a forbearance of suit granted by the creditor upon the promise of the principal debtor to pay usurious interest on the debt, will not discharge the surety.

Roberts *v.* Stewart.

4. CASE OVERRULED.—The case of *Rupert* v. *Grant*, 6 S. & M. 433, cited, and in so far as it holds, that a part payment of a debt, after its maturity, is a sufficient consideration to support an agreement for forbearance of suit, overruled.

IN error from the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

This was an action against a surety, to recover the amount of a promissory note executed by him and one Blackman, his principal, who has since died.

The defendant pleaded four pleas in bar of the action; the two first are sufficiently set out in the opinion of the court. The third plea averred that the defendant was surety of Blackman on the note sued on; "and that Blackman made several payments to plaintiff on account of the same; and plaintiff finally agreed, if said Blackman would promise to increase the rate of interest on said note, or promise to pay a rate of interest greater than the legal rates of interest, that he, the said plaintiff, would extend the time of payment until December, 1853, which said increased rate of interest, he, said Blackman promised to pay; and said complainant, in consideration thereof, promised to give said extension of time, without the consent of defendant." The fourth plea was a plea of payment. The plaintiff demurred to the three first pleas, and the demurrer being sustained, the defendant declined to plead further. The cause was then submitted to a jury on the fourth plea and issue thereon, and the plaintiff had a verdict and judgment. The defendant sued out this writ of error.

*N. G.* and *S. E. Nye*, for plaintiff in error,
Cited *Rupert* v. *Grant*, 6 S. & M. 433; *Dubuisson* v. *Folke*, 30 Miss. R. 432.

*Geo. B. Wilkinson*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This was an action brought by the defendant in error to recover the money due on a promissory note made by the plaintiff in error, as surety for one Blackman, due twelve months after the 10th December, 1851, for $1060.

The defendent below pleaded : First. That the plaintiff, on the 28th January, 1853, received from Blackman, on account of the note, $300; and at the same time agreed, by a written memorandum, entered on the back of the note, to wait for the balance of the note until December thereafter, the agreement for an extension of the time of payment being made in consideration of the sum of money so paid; which agreement was made without the consent of the surety. Second. The second plea, in addition to the averments above stated, avers that Blackman, at the time of making the agreement, was solvent and able to pay the debt, but has since died insolvent. Third. That Blackman made several payments on account of the note, and that the plaintiff finally agreed that, if Blackman would promise to increase the interest, or promise to pay a rate of interest greater than the legal rate, he would extend the time of payment until December, 1853; and that Blackman promised to pay the increased rate of interest, and in consideration thereof, the plaintiff promised to give the extension of time, without the consent of the surety.

To these pleas, the plaintiff demurred, and the demurrer was sustained, and judgment rendered for the plaintiff; and thereupon this writ of error is prosecuted.

The only questions for consideration are those arising upon the sufficiency of the pleas.

Upon the first and second pleas, two points are raised. First. Whether a mere gratuitous promise by a creditor to a principal debtor to forbear suit for any stated time, if carried out, will discharge a surety. Second. Whether an agreement by the creditor with the principal, in consideration of the payment of a part of the debt after it has become due, that he will extend the time of payment to a future stipulated period without the consent of the surety, will discharge him.

The first proposition cannot be the subject of any doubt, and we are aware of no case in which it has been held that a surety would be discharged under such circumstances. All the authorities hold, that in order to discharge the surety, there must be a binding contract between the creditor and the principal, founded on a valuable legal consideration, by which the creditor is precluded

Roberts *v.* Stewart.

from suing upon the contract according to its original terms; and if there be no such consideration, the agreement cannot be said to be obligatory, and the creditor may, in point of law, disregard it and bring his suit at any time. Whatever might be the force of such an agreement, in point of good faith or morals, it certainly wants that indispensable requisite of a contract, a valid legal consideration.

And for the same reason, the surety will not be discharged under the circumstances of the second proposition. For the contract for forbearance cannot be valid as such, unless it be founded on a *new consideration*, independent of that of the original contract, upon some benefit received or secured to the creditor which the principal was not bound to render under the original contract, such as the payment of interest, or a part of the debt *before it was due*, the giving of additional security or the like, as a consideration for further indulgence. But a partial payment, made after the debt has become due, cannot be a new and independent consideration. It is merely paying a part of what the debtor was already bound to pay in full. No benefit is received by the creditor, but what he was entitled to under the original contract, and the debtor has parted with nothing but what he was already bound to pay. It cannot therefore with any propriety be said that such partial payment would be a sufficient legal consideration to render the promise of further indulgence a binding contract, debarring the creditor of the legal right of suing upon the original contract, regardless of such agreement. *Montgomery* v. *Dillingham*, 3 S. & M. 647; *Newell* v. *Hamer*, 4 How. 684.

The case of *Rupert* v. *Grant*, 6 S. & M. 433, is relied upon as conflicting with this view of the subject. But the point of the sufficiency of the consideration, founded on a partial payment of a debt due, does not appear to have been specially considered in that case; and it is manifest that the rule contended to be there sanctioned cannot be sustained upon principle or authority, consequently we cannot give it our sanction.

The third plea was insufficient upon several grounds. First. It does not show what rate of increased interest Blackman agreed to pay in consideration of the indulgence, or, whether it was paid or

secured to be paid, so as to give the creditor the benefit of it. Second. If it was not paid, as must be presumed from the substance of the plea, and was secured to be paid, by note or otherwise, that contract was void for usury; and an agreement to give time, founded on such a consideration, will not be binding on the creditor, because it is not legally obligatory upon the debtor, and will not discharge the surety. *Tudor* v. *Goodloe,* 1 B. Monroe, 322; *Anderson* v. *Mannon,* 7 Ib. 217; *Duncan* v. *Reid,* 8 Ib. 382; *Vilas* v. *Pusey,* 1 Comstock, 274; *Pyle* v. *Bestock,* 10 Ala. 589.

Let the judgment be affirmed.