S. W. WYBRANTS AND ANOTHER V. J. M. LUTCH AND OTHERS.

The extension of the time of payment of a contract, beyond that specified in it, by a valid and binding agreement, made between the principal obligors and the obligee, without the knowledge or consent of the sureties, as by the continuance of a suit upon it, discharges the latter from liability thereon.

APPEAL from Navarro. Tried below before the Hon. Reuben A. Reeves.

This was a suit brought by Samuel W. Wybrants and David G. Ransom, against John M. Lutch, Robert G. Lutch, William B. Pillow, and James B. Barry, on a promissory note made by them, in favor of the plaintiffs, for $2840.69, payable on the first day of June, 1856; payments amounting to over $500, were admitted. The petition was filed on the 21st of July, 1857.

The defendants, Pillow and Barry, pleaded a discharge from liability, as the sureties of John M. and Robert G. Lutch, on the note, because the plaintiff, by a contract made with the principals in the note, and for a valuable consideration, extended the time of payment thereof, by the continuance of the case after the institution of this suit, without their knowledge or consent, from the Fall Term of the court, 1857, until the Spring Term, 1858.

A jury was waived, and the cause submitted to the court; judgment was rendered against the principals in the note, for the amount then due upon it, and in favor of the sureties thereon, releasing them from all liability. The other facts appear from the opinion.

The appellants assigned for error, that the court released and discharged the defendants, Pillow and Barry.

*J. C. Walker*, for the appellants.

BELL, J.—The statement of facts contains an admission, in

distinct terms, that William B. Pillow and James B. Barry, were securities on the promissory note, which is the foundation of the suit. It is also clearly shown, that the payees of the note, entered into a written agreement with one of the principal obligors upon the note, by which it was distinctly stipulated, that the time of payment of the note should be extended beyond the time specified, and additional security, in the shape of a deed of trust, was furnished to the payees of the note. The securities, Pillow and Barry, had no knowledge of this agreement for an extension of the time of payment, until after the agreement was consummated. The cause was continued at the Fall Term, 1857, of the District Court, in pursuance of the agreement entered into between the payees of the note and J. M. Lutch, one of the principal obligors. The continuance was entered on the minutes of the court, as a continuance by consent; but it is shown, that the consent was between the attorney of the payees, and the attorney of the principals upon the note, and that the securities, Pillow and Barry, were not parties to the consent. And it is not shown, that the securities ever ratified the agreement for the extension of the time of payment, or consented to remain bound, after that agreement was made.

We are of opinion, that there is no error in the judgment of the court below. For the law of the case, it is only necessary to refer to the case of Burke and others v. Cruger and Moore, 8 Texas Rep. 66, where the subject is fully discussed. The judgment of the court below is affirmed.

Judgment affirmed.