T. J. PILGRIM v. M. G. DYKES.

If the creditor, for a valuable consideration, agree with the principal debtor, to extend the time of payment of the debt, or to delay its collection, the surety is thereby discharged from liability.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

This was a suit by M. G. Dykes against T. J. Pilgrim, to enjoin the collection from him of a judgment rendered by the Supreme Court, in favor of Pilgrim against Henry Trammell, Harrison Askey, and Alfred Bailes, as principals, and R. H. Bass and the plaintiff, M. G. Dykes, as their sureties, on a bond in error given by them to the defendant Pilgrim, on the removal of a judgment of the District Court of Gonzales county, for $560, in favor of the said Pilgrim, against the principal obligors, to the Supreme Court, by writ of error.

The plaintiff alleged, that an execution issued on the said judgment against Trammell, Askey and Bailes as principals, and Bass and himself as sureties, which was placed in the hands of the sheriff of Gonzales county for collection; but that some time in the month of August, 1858, Pilgrim, the plaintiff in the said execution, agreed with Trammell, in consideration of a mule of the value of $100, and $32 in cash, paid him by the said Trammell, to have the said execution returned and held up, until the 1st of January, 1859, which was accordingly done, and the execution, by order of Pilgrim, was returned by the sheriff of

the said county, "not satisfied;" all of which he averred was without his knowledge or consent.

The jury found that the execution was returned, and time given by an agreement to that effect, supported by a valuable consideration, between Pilgrim and Trammell; and that the plaintiff did not know of or consent to it.

The injunction was perpetuated, and from this judgment the defendant prosecuted his writ of error.

*T. M. Harwood*, for the plaintiff in error.

*William H. Stewart*, for the defendant in error.

BELL, J.—We are of opinion that there is no error in the judgment of the court below. The rule of law is well settled, that where a creditor enters into a distinct agreement with the principal debtor for an extension of the time of payment of the debt, or for delay in the collection of the debt, the surety is discharged from liability by such agreement. (Burke v. Cruger, 8 Texas Rep. 66, and subsequent decisions of this court.)

The issues were fairly submitted by the court, to the jury, and were responded to by the verdict, and there is no reason for disturbing the judgment. The judgment of the court below is therefore affirmed.

Judgment affirmed.