## V. H. CLAIBORNE v. N. A. BIRGE.

1. ALTERATION OF NOTE WITHOUT CONSENT OF SURETY.—An agreement by the principal to pay an increased rate of interest without consideration will not discharge the surety.
2. THE RELEASE OF SURETY BY ALTERATION of contract by principal can only follow from a valid contract binding upon the principal, and in some way interfering with or impairing the rights of the surety.

APPEAL from Marion. Tried below before the Hon. M. L. Crawford.

Virginius H. Claiborne sued J. M. Urquhart and N. A. Birge upon three promissory notes, of date January 1, 1871, executed by Urquhart as principal and Birge and one Ward as sureties to William Hamilton, and by Hamilton indorsed to plaintiff. The notes were for $200 each, and due April 1, July 1, and October 1 thereafter, and all bearing twelve per cent. interest after maturity; also upon an obligation as follows:

"JEFFERSON, TEXAS, *July 7th*, 1871.
"This is to certify that I bind myself to pay two per cent.

per month interest on the following notes, after the maturity of the same:

1 note for $200, coming due 1st April, 1871.
1 note for $200,    "      "   1st July, 1871.
1 note for $200,    "      "   1st Oct., 1871.

"All the above notes being drawn by me in favor William Hamilton, and indorsed by M. A. Birge and W. H. Taylor as sureties.

"Witnesses:                           J. M. URQUHART.

"J. M. HILL,

"LOUIS COTTON."

The defendant, Birge, in defense, pleaded that the principal, Urquhart, had, with the knowledge of plaintiff, made a contract with Hamilton, the payee, for an extension of time, as the consideration of the promise to pay the increased rate of interest, without the consent of defendant, Birge.

Plaintiff, in replication, alleged that no extension of time was agreed upon, and that the promise by Urquhart to pay the increased interest was gratuitous and without consideration, and the claim for the increased interest was abandoned.

On the trial plaintiff read the three promissory notes described.

The defendant, Birge, read the obligation of Urquhart for the payment of two per cent. interest per month, and an extract from the original petition that the contract was for a valuable consideration.

Urquhart, for Birge, testified that he understood it as an extension of the time for the payment of the three notes sued on; that had suit been instituted immediately after making the contract, he would have defended on this ground; * * * that it was understood that the two per cent. was substituted for the rate expressed in the notes; that Berge is only surety, and had no knowledge of the contract for increased interest.

On cross-examination, however, Urquhart stated that, while he understood that he was to have indulgence on the notes, plaintiff did not make any positive agreement to give any specific time, or any agreement not to sue upon the notes.

Plaintiff, in reply, testified that he made no agreement with Urquhart to give any extension of time; that the only consideration for Urquhart's agreement to pay increased interest was what appears on its face.

Cotton, subscribing witness, could remember nothing additional to the face of the paper; was not certain that there was no extension.

The court instructed the jury:

"If you believe from the testimony that the plaintiff and Urquhart made and entered into an agreement whereby Urquhart promised to pay and Claiborne to receive a different rate of interest on the three notes than that expressed on their face, it was such an alteration of the original contract as discharged the surety ; and if such agreement was made without the consent of defendant, Birge, he is discharged from all liability on the notes, and you will so find; or if, for a valuable consideration, Claiborne extended the time for the payment of the notes for any definite and certain period, and that the surety, Birge, did not consent to the extension of time, he is discharged, and you will so find."

The plaintiff asked the court to charge the jury "that such subsequent agreement must be based on a sufficient consideration."

The verdict discharged Birge. Plaintiff's motion for new trial was overruled, and he appealed.

*Mason & Campbell,* for appellant, cited Jones *v.* Holliday, 11 Tex., 412; Hunter *v.* Clark, 28 Tex., 159; Payne *v.* Powell, 14 Tex., 600; McLemore *v.* Powell, 11 Wheat., 556; Burke *v.* Cruger, 8 Tex., 66; Newell *v.* Hamer, 4

How., Miss., 691; 21 Ohio, 93; 7 Hill, N. Y., 250; 30 Miss., 424; Roberts *v.* Stewart, 31 Miss., 664; Bailey *v.* Mills, 27 Tex., 434.

*Epperson & Maxey,* for appellee, cited Warrington *v.* Early, 22 Eng. Law & Eq., 208; Pidcock *v.* Bishop, 3 Bar. & Cress., 605; 10 Eng. Com. Law., 278.

MOORE, ASSOCIATE JUSTICE.—The court instructed the jury that any agreement between Claiborne, the assignee of the notes, and Urquhart, the principal debtor, subsequent to their execution, for the payment of a higher rate of interest than that expressed in the notes, "was such an alteration of the original contract as discharges the surety;" and refused to further instruct them, as requested by the plaintiff, that such agreement, unless based on a valid consideration, would not have this effect. It is not pretended that there was any change or alteration of the notes themselves, so that they do not now import the contract originally stipulated and shown by them. But the court evidently supposed the agreement of Urquhart to pay a higher rate of interest, notwithstanding the testimony submitted to the jury tending to prove that there was no consideration to support it, was obligatory and binding upon the parties to it, and that it either discharged and extinguished the contracts evidenced by the notes, or, by substituting a new contract for the old ones in some way, curtailed the rights or increased the hazards and liabilities of the surety.

Admitting that the agreement of Urquhart to pay additional interest imports a sufficient consideration to support it in the absence of rebutting evidence, (Pas. Dig., art. 9087,) the inference of consideration imported by the instrument, however, is of fact and not of law. Hence it may be rebutted by satisfactory evidence for this purpose. And if it is shown that in truth the agreement was without consideration, it is unnecessary to say that it is entirely nugatory, and can in no way and of itself bind the parties

to it, or change the stipulations of the original contract, or affect the rights of the parties to them. It cannot be controverted that there was testimony submitted to the jury tending to prove that the agreement of Urquhart to pay a higher rate of interest than expressed in the notes was without consideration. It is therefore evident that the court erred in refusing to give the instruction asked by the plaintiff by way of qualification or explanation of the charge given in the first instance.

Sureties, beyond all question, can only be held liable to the precise terms of their contract. The liability incurred by them by their contract, and the rights resulting to them from it, can neither be increased nor diminished by any stipulation or agreement entered into between the creditors and principal debtors without their consent. It is equally well settled, however, that no subsequent contract or agreement between the principal debtor and the creditor, which does not alter or vary the liability of the sureties, or in some way affect their rights under the contract, will discharge them. And, as we have already said, this can only be done by a contract founded on a valid consideration. (8 Tex., 67; 4 How., Miss., 687; 11 Wend., 323; 14 Ohio, 386.)

From these obvious and fundamental general principles, it follows, and is universally held, that a binding agreement for extending the time, however short, for payment of the debt, will discharge the surety. On the other hand, mere delay in its collection, a promise to give time not based on an adequate consideration, or a promise to forbear its collection indefinite as to time, or an assent to an application for extension of time on the expectation of additional interest, will not release the surety. (4 Leigh, 626; 31 Miss., 664; 4 How., Miss., 691; 12 Wheat., 636; 2 Pars. on Bills and Notes, 546; Chit. on Bills, 379.)

The agreement of Urquhart to pay additional interest is the sole ground upon which the surety, Birge, claims

that he is released from liability on the notes. This agreement, however, does not disclose the entire contract between the parties, if, in fact, there was any undertaking or agreement on the part of the creditor. If there was any promise or agreement on his part, what was its terms and stipulations? Unless they are known, how can it be seen that the rights or liabilities of the surety are affected thereby? We may infer, if there was a consideration for Urquhart's promise to pay additional interest, that it was most probably an agreement of the creditor to give additional time for payment of the notes; and if so, this unquestionably would release the surety. But if the law imports a consideration to support the written agreement to pay a stipulated amount or rate of interest, it does not authorize the jury to infer the nature and character of such consideration. And, unless it is shown by the testimony, neither the court nor jury can say that it affected or interfered with the contract of the surety, either in law or fact. Unless it did, the surety cannot complain. (20 Tex., 123.) It is certainly incumbent upon the surety, who claims that he has been released from the performance of his contract by a subsequent agreement between the creditor and principal debtor, to show a valid and binding contract on the part of the creditor, which in some way interferes with or impairs his rights. But this surely is not done by proof of a promise made by such principal debtor, which, since the statute dispensing with scrolls and seals, would support an action without proof of the consideration on which it was made.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.