### JOHN HOERR & BRO. ET AL. V. A. H. COFFIN.

(No. 1838, Op. Book No. 3, p. 746.)

APPEAL from Grayson County.   Opinion by WINKLER, J.

§ **185.** *Surety; effect of agreement made by principal upon; liability of.* An agreement by the principal to pay usurious interest will not discharge the surety. [Payne v. Powell, 14 Tex. 600.]   But it has been held

that if the creditor, for a valuable consideration, agree with the principal debtor to extend the time of payment of the debt, or to delay its collection, the surety is thereby discharged from liability. [Pilgrim v. Dykes, 24 Tex. 383; Burk v. Cruger, 8 Tex. 66.]

§ 186. *Burden of proof.* It is an established general rule of evidence that the burden of proof lies on the party who wishes to support his case by a particular fact which lies more peculiarly within his knowledge, or of which he is supposed to be alone cognizant. This rule applies whether the fact be proved by affirmative or negative evidence. [1 Best on Ev. §§ 274–5.] Thus, in this case, the suit was on a note against sureties, the principal being dead. Certain credits were indorsed upon the note, and it was shown that other sums than those indorsed had been paid by the principal maker of the note, during his life-time, to the plaintiff, but the amount of such payments was known only to the plaintiff. It was held that it devolved upon the plaintiff to prove the amount of such payments, and thereby show the exact amount still due, if anything, upon the note, and upon failure of plaintiff to make such proof he was not entitled to recover anything upon the note.

Reversed and remanded.