## P. S. BABCOCK AND SOL WEIL v. THE MILMO NATIONAL BANK.

(No. 1412, Op. Book No. 2, p. 658.)

APPEAL from Webb County.    Opinion by WILLSON, J.

§ **817.** *General denial; effect of.*   A general denial puts in issue all the material issuable allegations in the petition except such as are required to be put in issue by a special plea [Sayles & Bassett's Plead. & Prac. § 41], and it is error to strike out such plea.

§ **818.** *Surety; plea of suretyship; discharged from liability, when, etc.*   Appellee sued appellants upon a promissory note which they had signed with one Burbank. Appellants pleaded the general denial, and specially that they had signed the note merely as accommodation sureties, and that appellee knew this fact; that appellee, without their knowledge or consent, afterwards, for a valuable consideration, extended to Burbank, the principal, the time of payment of said note; that at the time of the maturity of said note, said Burbank, principal, was well able pecuniarily to pay said note, but at the time of the institution of the suit was, and still is, insolvent," etc.    Upon exceptions of appellee, this plea was stricken out, and judgment rendered against appellants for the amount of the note.    *Held*, this plea presented a valid defense to the plaintiff's action, and should have been entertained and heard.    It was a good plea under article 3662, Rev. Stats., although it does not appear to have been presented under that statute.    But independently of the statute, and for the purpose for which it was pleaded, it presented a valid defense.    Whilst it is true that no subsequent contract or agreement between the principal debtor and the creditor, which does not alter or vary the liability of the sureties or in some way affect their rights under the contract, will discharge them; and whilst it is also true that mere indulgence to the debtor, or giving of time, without a binding agreement to that effect, will

not release the sureties [Terrell v. Townsend, 6 Tex. 149; Burke v. Cruger, 8 Tex. 66; Carr v. Rowland, 14 Tex. 275; Payne v. Powell, 14 Tex. 600; Hunter v. Clark, 28 Tex. 159; Claiborne v. Birge, 42 Tex. 98], yet it is well settled that if a creditor, without the knowledge and consent of the surety, give time to the principal by a valid and binding agreement, enlarging the credit beyond the period stipulated in the contract, the surety will be discharged both in law and equity. Sureties can only be held liable to the precise terms of their contract. That liability, and the rights resulting to them from it, can neither be increased nor diminished by any stipulation or agreement entered into between the creditor and principal debtor, without their consent. [Burke v. Cruger, 8 Tex. 66; Wybrants v. Lutch, 24 Tex. 309; Pilgrim v. Dykes, 24 Tex. 383; Claiborne v. Birge, 42 Tex. 98; Story on Prom. Notes, § 313.]

§ **819.** *Parol evidence admissible to prove suretyship.* It is well settled that parol evidence is admissible to prove the fact of suretyship, although the instrument in writing shows the party to be a principal obligor. [Burke v. Cruger, 8 Tex. 66.]

January 10, 1883.          Reversed and remanded.