Opinion by
Willson, J.
§ 667. Usury; cannot be pleaded by sureties, when; case stated. B. executed his note to T. for $500 borrowed money, O. and D. signing said note as sureties. T. sued upon the note. C. and D. pleaded that they were sureties only; that the note was usurious; that B., at the time of executing said note, agreed and promised to pay T. three per cent, per month for the use of said money; that this agreement was unknown to them at the time they signed the note as sureties for B., etc. The note upon its face stipulated for ten per cent, per annum interest. Held, it is well settled that an agreement by the principal to pay usurious interest will not discharge a surety. Such a promise being in law void, does not constitute a valuable consideration. An agreement by a creditor with a debtor to extend the time of the collection of a debt in consideration of usury, without the knowledge or consent of the surety, will not discharge the latter. [W. & W. Con. Rep. § 185; Burke v. Cruger, 8 Tex. 67; Payne v. Powell, 14 Tex. 600; Claiborne v. Birge, 42 Tex. 98.] It was not stipulated in the note, directly or indirectly, that B. should pay usury. The rate of interest stipulated for was legal, and the usurious agreement pleaded was independent of the note, and could have no legal effect upon the liability of the sureties. [R. S. art. 2979.]
Reversed and rendered.