E. W. MORRIS v. S. E. BOOTH.

(No. 3188.)

APPEAL from De Witt County.    Opinion by WHITE, P. J.

PRICE & GREEN, counsel for appellant.

PLEASANTS & BAILEY, counsel for appellee.

§ 285. *Surety; extension of time to principal will discharge, when.*    Booth sued Morris and one King, in the justice court, on a joint and several promissory note executed by them in his favor, and recovered a judgment from which Morris, appellant in this case, appealed to the county court.    In the county court, appellee's exception to a portion of appellant's (Morris') special plea was sustained, and appellant, Morris, declined to amend, and judgment was again recovered against him at the trial in the county court for the full amount due upon the note, and interest and costs.    That portion of Morris' answer which was stricken out by the court is as follows: "And further, as to the whole of the debt, he pleads that he signed said note merely as an accommodation surety, and that appellant [plaintiff] well knew he so signed the same; that plaintiff, without appellant's knowledge or consent, afterwards, for a valuable consideration, extended to King, the principal debtor herein, the time of payment of said note, and proposed to said King not to apply certain money set apart for the purpose of paying this note, but prevailed upon him to apply said money to the payment of another note, upon which said appellant was not bound as surety or otherwise."

As directly applicable to the question here presented, we quote the following from the opinion of this court in Weil v. Bank, 1 Civil Cas. Ct. App., § 818, viz.: "This plea presented a valid defense to the plaintiff's action, and should have been entertained and heard.    It was a

good plea under article 3662, Revised Statutes, although it does not appear to have been presented under that statute. But, independently of the statute, and for the purpose for which it was pleaded, it presented a valid defense. While it is true no subsequent contract or agreement between the principal debtor and the creditor, which does not alter or vary the liability of the sureties, or in some way affect their rights under the contract, will discharge them, and while it is also true that mere indulgence to the debtor, or giving of time, without a binding agreement to that effect, will not release the sureties [Terrell v. Townsend, 6 Tex. 149; Burk v. Cruger, 8 Tex. 66; Carr v. Rowland, 14 Tex. 275; Payne v. Powell, id. 600; Hunter v. Clark, 28 Tex. 159; Claiborne v. Birge, 42 Tex. 98], yet it is well settled that if a creditor, without the knowledge and consent of the surety, gives time to the principal by a valid and binding agreement, enlarging the credit beyond the period stipulated in the contract, the surety will be discharged both in law and equity. Sureties can only be held liable to the precise terms of their contract. That liability, and the right resulting to them from it, can neither be increased nor diminished by any stipulation or agreement entered into between the creditor and principal debtor without their consent. [Burk v. Cruger, 8 Tex. 66; Wybrants v. Lutch, 24 Tex. 309; Pilgrim v. Dykes, id. 383; Claiborne v. Birge, 42 Tex. 98; Story, Prom. Notes, § 313.]" See also, as further in line with the above, Wylie v. Hightower, 74 Tex. 306; Mann v. Brown, 71 Tex. 241. Because the court erred in sustaining the exceptions to and striking out appellant's plea as above set out and quoted, the judgment is reversed and the cause remanded.

January 20, 1892.       Reversed and remanded.