MARSHALL NATIONAL BANK v. GEORGE SMITH ET AL.

Decided November 21, 1903.

**1.—Notes—Suretyship—Parol Evidence.**

Where a person not the payee of a note signs his name upon the back at the time of its inception, without any words to express the nature of his undertaking, he is liable as an original promisor or surety, and parol evidence is admissible to show the real obligation intended to be assumed..

**2.—Same—Extension Releasing Surety.**

An extension of the time of payment of a note for a valuable consideration without the consent of a surety will release the surety from liability thereon.

Appeal from the District Court of Harrison.   Tried below before Hon. Richard B. Levy.

*Chas. C. Carter,* for appellant.

*Jno. M. Gardner* and *F. H. Prendergast,* for appellee.

RAINEY, CHIEF JUSTICE.—This is an ordinary action for debt to recover on a promissory note, brought by appellant against George Smith and J. W. Furrh.

Smith made no defense.   Furrh plead that he was a surety, and that the time of payment of the note was extended for a valuable consideration without his knowledge or consent.   This plea was sustained, and appellant only recovered against Smith.   The appeal is from the judgment in favor of Furrh.

The facts show that in July, 1900, Smith desired to borrow $1000 from appellant bank.   The bank agreed to let him have it if he would get appellee J. W. Furrh to sign the note with him.   A note (the one sued on) was executed by Smith signing on its face at the bottom and Furrh indorsed his name on the back.   The bank loaned Smith the money on this note.   Furrh received none of the money obtained on the note.   He signed only as surety for Smith, and this was known to the bank at the time the money was loaned.   The time of payment of the note was extended seven times by the bank.   The first four extensions were made with Furrh's consent, and the last three extensions were made without his knowledge or consent.   Smith paid interest in advance on said extensions.

On the trial the court admitted parol evidence, over appellant's objection, to show that Furrh was only a surety for Smith.

The contention of appellant is that Furrh's having indorsed his name on the back of the note at its inception made him liable as an original principal, and that such is the legal import of his signature, and that parol evidence is not admissible to vary such import.

This contention is contrary to the holdings of the courts of this State. As early as the case of Cook v. Southwick, 9 Texas, 615, it was held that "when a person not the payee of a note signs his name upon the back at

the time of its inception, without any words to express the nature of his undertaking, he is liable as an original promissor or surety," and "it is competent for the person so signing to show by oral or other evidence the real obligation intended to be assumed at the time of signing." This holding, as far as we are aware, has never been overruled by any decision of the courts of this State. On the other hand, it has been approved and followed up to this time. Latham v. Flour Mills, 68 Texas, 127; Henske v. Broussard, 55 Texas, 201; Wybran v. Lutz, 24 Texas, 309; Burton v. Bank, 8 Texas Civ. App., 223; Zapalac v. Zapp, 22 Texas Civ. App., 375, 54 S. W. Rep., 938. The same principle is recognized in Burke v. Cregar, 8 Texas, 66..

It is well settled that the extension of time of payment of a note for a valuable consideration without the consent of a surety will relieve the surety of liability thereon.

The evidence showing Furrh to be a surety, which was known to the bank, and the extension being made for value and without his knowledge or consent, the trial court did not err in holding that he was not liable.

The judgment is affirmed.

*Affirmed.*