### R. T. BARLOW v. FREDERICK STEARNS & COMPANY.

Decided November 27, 1906.

**1.—Partnership Debt—Extension of Time—Promise—Consideration.**

   A promise by a creditor of a partnership to a new member of the partnership, who was not bound for the debts of the old partnership, to extend the time of payment of one of the old debts, was without consideration and not binding on the creditor.

**2.—Same—Conditional Promise.**

A conditional promise to extend the time of payment of a debt is not binding when the condition was never complied with.

**3.—Same—Release of Surety.**

Unless the agreement to extend the time of payment of a debt is of such binding force as to prevent suit against the principal debtor during the alleged extension, it is not such an agreement as will release a surety.

**4.—Retiring Partner—Liability.**

Evidence considered, and held insufficient to show that a retiring partner had been released by a creditor from liability for the debts of the partnership.

Appeal from the County Court of Harris County. Tried below before Hon. Blake Dupree.

*Camp & Kendrick,* for appellant.—Where a member of a firm retires from the partnership, and the remaining member or members assume the indebtedness of the old firm, and these facts are known to the creditor or creditors of said firm, it changes the relation of the retiring partner from that of principal debtor to that of surety, and said retiring partner has all the rights under the law that a surety has, and if without the consent of the said retiring partner, an extension of time is granted to the remaining partner or new firm, assuming such debt, this releases the retiring partner. Hall v. Johnston et al., 24 S. W. Rep., 861; Gourley v. Tyler & Simpson, 4 App. Civ. Cases, sec. 215; Brandt on Suretyship & Guaranty, secs. 19, 23, 296; Millerd v. Thorn, 56 N. Y., 402; Colgrove v. Tallman, 67 N. Y., 95.

*Hunt & Myer,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellee, Frederick Stearns & Co., against R. T. Barlow and H. W. Brouse, composing the firm of Barlow & Brouse, to recover the sum of $210.37 alleged to be due upon an account for goods and merchandise sold and delivered by the plaintiff to said firm. By amended petition plaintiff also asked judgment for the amount due on said account against W. W. Westgate and the Westgate Brouse Drug Company on allegations charging that said defendants had for a valuable consideration assumed and agreed in writing to pay said account.

The defendant Barlow, in addition to general and special exceptions and general denial, denied under oath the justness of the account, and specially pleaded, in substance, that subsequent to the accrual of the indebtedness sued on he had sold his interest in the firm of Barlow & Brouse to the defendant Brouse and as part consideration for said sale the said defendant had assumed and agreed to pay said indebtedness and that plaintiff had thereafter with full knowledge of the facts and without the consent or knowledge of this defendant entered into a binding agreement with said Brouse to extend the time of payment of the account, and that by reason of said extension this defendant was discharged from all liability on said account. He further pleaded that W. W. Westgate had purchased from Brouse a one-half interest in the business of the old firm of Barlow & Brouse and as consideration therefor

had assumed and promised to pay the debts of said firm and prayed that in event the plaintiff recovered against him that he have judgment against the said W. W. Westgate.

The cause was tried by a jury and under peremptory instructions by the trial court a verdict was returned in favor of plaintiff against the defendants Barlow and Brouse and in favor of the defendants W. W. Westgate and the Westgate Brouse Drug Company. From a judgment rendered in accordance with this verdict the defendant Barlow alone has appealed.

The undisputed evidence shows that the amount claimed by plaintiff was due for goods sold and delivered by it to the firm of Barlow & Brouse, and that after the accrual of said indebtedness Barlow sold his interest in the business to Brouse and in part consideration for such sale Brouse agreed and promised to pay the indebtedness then due by said firm which included the account due plaintiff. On the same or the next day W. W. Westgate and Brouse entered into a partnership under the firm name of The Westgate Brouse Drug Company. The new firm succeeded to the business of the old firm of Barlow & Brouse and took possession of all its goods and assets. Westgate testified that he did not agree when he bought an interest in the business from Brouse to assume any of the indebtedness of the old firm, and his testimony is uncontradicted. After Barlow had sold out and the new firm was formed the plaintiff was informed by letter from Brouse that he would pay the account, but that he wanted the time of payment extended. On the issue of the alleged extension Brouse testified as follows:

"I did not, in that first letter which I wrote, request Frederick Stearns & Co. to accept me personally for the debt, and I did not ask them to discharge Westgate and Barlow and everybody else except me personally from the indebtedness. I simply asked Frederick Stearns & Co. for an extension of the time, without asking them to extend it to any person in particular, and at the same time explained the circumstances which caused me to desire the extension." After stating that he received a letter from plaintiff agreeing to the extension, which had been lost, he testified: "In that letter they agreed to an extension of time, just how much I can't say positively, but they wrote a very nice letter agreeing to take a partial payment and notes for the balance, or notes with security for all of it. I only asked them to extend this once for me. The notes were never given."

The dissolution of the firm of Barlow & Brouse occurred on December 7, 1904, and Brouse's letter to plaintiff asking for an extension of the time of payment of the account was written a few days thereafter. On February 12, 1905, Brouse wrote the following letter:

"Houston, Texas, February 12, 1905.
Mr. G. W. Porter, care F. Stearns & Co.,
    Detroit, Mich.
Replying to your favor of some days ago, will say we expect to be able to make a payment of at least one-half the old Barlow & Brouse acct. by the 25th of this month.

Should we not be able to do so, will forward you good notes for the

amount. Thanking you for the leniency and good feeling you have shown toward us, we beg to remain,

Very truly yours,<br>
Westgate-Brouse Drug Co.,<br>
Per H. W. Brouse."

In reply to this letter plaintiff wrote the following:

"Detroit, Mich., U. S. A.<br>
Dictated by G. W. Porter, February 17, 1905.

The Westgate-Brouse Drug Company,
        Houston, Texas.

Dear Sirs: We have your favor of the 12th, notifying us that half of our account against Barlow & Brouse will be forwarded by the 25th of this month, and that if you are unable to do so, you will forward us notes for the amount.

We thank you for giving this matter such prompt attention, and assuring you that remittance on the above date will be appreciated by us, we are,

Yours very truly,<br>
F. Stearns & Co.,<br>
Per G. W. Porter."

Westgate also testified that a short time after he formed the partnership with Brouse he had a conversation with Mr. Richardson, a travelling salesman of the plaintiff, in which he told him that he, Westgate, had not assumed any of the debts of the old firm, but that Brouse said that he would get a supply of money shortly, with which to pay the debts, and that Richardson then said he would write to his house and get an extension; and that he, witness, got a letter from plaintiff in which they said that they had received Richardson's letter and would grant an extension of 30 days.

The defendant Barlow did not know that plaintiff's account had not been paid until shortly before this suit was filed in July, 1905.

We agree with the trial court that this evidence does not raise the issue of a binding agreement on the part of the plaintiff with Brouse or the Westgate Brouse Drug Company to extend the time of the payment of the account, and therefore it was proper to instruct the jury to return a verdict for the plaintiff against the defendant Barlow.

It is, we think, clear that the letter from plaintiff to Westgate, which was lost and its contents proven by Westgate, did not show a binding agreement to extend the time of payment of the account. Westgate testified positively that he did not agree to pay or guarantee the payment of the account, and there was a total lack of consideration for plaintiff's agreement with him to extend the time to Brouse. The letter which Brouse says he received from plaintiff contained only a conditional agreement to extend and the conditions were never complied with. The letter of February 17 contains no agreement for extension. It is nothing more than an acknowledgment of the letter from the Westgate Brouse Drug Company stating that they expected to pay half of the account by the 25th of the month and should they fail to do so would

forward good notes for the amount, and an assurance that a payment on the day named would be appreciated. It is perfectly apparent from the evidence that while plaintiff was willing to extend the time provided they could secure the notes of Brouse and Westgate or any additional security for the payment of the account, no extension was in fact made because no consideration was ever given therefor. Plaintiff was never by any agreement shown in the record placed in a position in which the right to enforce the payment of the account was deferred, and the delay in bringing the suit was due to mere forbearance on its part and not because of any binding agreement which prevented such suit. Unless the agreement to extend is of such binding force as to prevent suit upon the claim during the time covered by the alleged extension it is not such an agreement with a principal debtor as will release the surety. Claiborne v. Birge, 42 Texas, 102; Benson v. Phipps, 87 Texas, 580; Norris v. Graham, 42 S. W. Rep., 575.) The question of whether under the facts shown had the agreement to extend been binding the appellant could claim the rights of a surety as against the plaintiff need not be determined.

If there was any error in admitting in evidence the affidavits to the account, the admission of which is complained of under appropriate assignments, the error was harmless as the correctness of the account was shown by other undisputed evidence.

We are of opinion that the judgment should be affirmed and it is so ordered.

*Affirmed.*