## WORKMAN v. RAY. (No. 851.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 20, 1915.)

1. TRIAL ⟨⟩170—DIRECTED VERDICT.
    Where defendant introduced no evidence, and by admission in open court conceded plaintiff's cause of action, it is proper for the court to direct a verdict for plaintiff.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 390–394; Dec. Dig. ⟨⟩170.]

2. EVIDENCE ⟨⟩265—ADMISSIONS—EFFECT.
    In trespass to try title brought by plaintiff, one of whose vendor's lien notes had not been paid at maturity, defendant filed an answer, setting up transfer of the land to him and his assumption of payment of the notes; that he made arrangements to obtain a loan to pay off the notes; that plaintiff, objecting agreed to extend the time of payment of the notes in consideration of the interest to further accrue thereon, granting defendant a reasonable time in which to sell the land; and that defendant agreed not to pay off and satisfy the notes, and on the date of maturity of the second of the notes to pay the interest due on all of them. The answer further averred payment of the interest on all when the second became due, and plaintiff's breach of his agreement to give defendant a reasonable time to sell the land, and prayed a judgment for damages, or extending the time of payment of the second note. Held, that where defendant in open court admitted that plaintiff had a good cause of action as set forth in the petition, except in so far as it might be defeated by the facts of the answer constituting a good defense, the admission entitled plaintiff to a verdict, for not only did it admit plaintiff's title and defendant's default, but it

was a repudiation of all averments of the answer contrary thereto.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1029–1050; Dec. Dig. ⟨⟩265.]

3. TRESPASS ⟨⟩16—ACTIONS—DEFENSES.
    As the answer, setting up plaintiff's breach of the agreement to extend time for payment of vendor's lien notes, did not offer to pay the notes, but merely sought enforcement of, or damages for breach of, the agreement, it presents no defense to a judgment in favor of plaintiff.
    [Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 20, 23; Dec. Dig. ⟨⟩16.]

4. APPEAL AND ERROR ⟨⟩750—REVIEW—ASSIGNMENTS OF ERROR.
    In such case, assignments of error, complaining that the court erred in instructing the jury to render a verdict for plaintiff without submitting the issues under the pleadings, that the court erred in holding the statute of frauds applicable to the contract for an extension, and that the court erred in instructing the jury to find for plaintiff, and not submitting the question whether the contract was made, and in not permitting defendant to introduce evidence in support of it, are not sufficient to raise the question whether the court erred in refusing to submit to the jury the question of damages for breach of the alleged agreement to extend the time of payment of the notes.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074–3083; Dec. Dig. ⟨⟩ 750.]

5. BILLS AND NOTES ⟨⟩137—EXTENSION OF TIME—AGREEMENTS.
    An agreement to extend the time of payment of vendor's lien notes in consideration of the debtor's agreement to pay interest is not binding, where the debtor did not obligate himself to pay interest for any definite time and there was no agreement to extend the notes for any definite period.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 334–337; Dec. Dig. ⟨⟩ 137.]

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Action by J. W. Ray against C. A. Workman. From a judgment for plaintiff, defendant appeals. Affirmed.

Ellerd & Kirk, of Plainview, for appellant. Mathes & Williams, of Plainview, for appellee.

HUFF, C. J. J. W. Ray brought suit in trespass to try title against C. A. Workman, to section 6, block 81, E. L. & R. R. Co., situated in Hale county. The appellant, Workman, pleaded not guilty, and, further, that J. W. Ray, on the ——— day of ———, 19——, by deed, acknowledged April 12, 1912, conveyed the land in question to Gus Deeringfield, in consideration, among other things, of seven promissory notes, due, respectively, on or before the 10th day of April, 1912, 1913, 1914, 1915, 1916, 1917, and 1918. The first six of these notes were for $1,024, and the seventh for $1,030, executed by the grantee to Ray, bearing 8 per cent. interest per annum, and attorney's fees. On the 21st day of February, 1912, Gus Deeringfield conveyed

the land to Moreton for and in consideration, among other things, of the assumption of the payment of the notes; and on the 10th day of April, 1912, Moreton conveyed the land to appellant in consideration of $5,000 and the assumption of the notes. It is further alleged that about the 10th day of January, 1913, appellant made arrangements to obtain a loan to pay off the unpaid notes; that he notified appellee of the arrangements, who objected and—

"entered into an agreement with defendant, whereby plaintiff was to extend the time of the payment of said notes for and in consideration of the interest to further accrue thereon, giving and granting to defendant a reasonable time in which to sell said land, and defendant agreeing not to pay off and satisfy the same and to pay on date of maturity of the second of said notes, the interest due on all of them."

When the second note was due he paid the interest thereon and the interest due on the remaining five; that about the 1st of October, 1914, he agreed with Frank Smyer to sell the land, and Smyer was to convey 30 acres of land to him and to assume the payment of the notes; that the trade was to be consummated October 20, 1914; that the 30 acres was of the value of $4,000; that prior to the consummation of the trade appellee filed this suit, and but for which the trade would have been consummated; that from April 10, 1913, to November 1, 1914, was a reasonable time in which to sell the land under the contract. He also alleges that appellee knew of the proposed trade, and filed the suit to prevent it being made, as a result of which appellant was damaged $4,000. He prayed for judgment in the sum of $4,000, or, in the alternative, judgment extending the time of payment of the second note to April 10, 1915, and that the remainder of the notes be not declared due. The appellee filed a general exception to this answer, which does not appear to have been acted upon. The recital in the judgment entry is that appellant—

"in open court, before the trial commenced, admitted that the plaintiff [appellee] had a good cause of action as set forth in the petition, except in so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial, which admission was entered of record and the defendant given the right to open and conclude."

The trial court instructed a verdict for appellee upon this admission, and judgment was rendered for appellee, decreeing to him the land.

Appellant testified, as will hereinafter be set out, which testimony was stricken out by the trial court, and a bill of exception taken thereto. The appellee objected to the testimony on the ground that the contract of extension violated the statute of frauds. The trial court, in his explanation appended to the bill, states that when the objection was made he stated to counsel—

"that in view of their admission, the way I look at the case, in view of the decision of the Meade-Logan Case, presented by plaintiff, in 110 S. W. 189, that I would sustain the objection and instruct a verdict for plaintiff."

There are three assignments of error urged in this court: (1) In instructing the jury to render a verdict for appellee without submitting the issues under the pleadings after the introduction of the evidence; (2) the court erred in holding the statute of frauds applicable to the contract, which does not show upon its face it was not to be performed in a year, and it was not alleged it was not to be performed in a year; (3) in instructing the jury to find for plaintiff, and in not submitting whether there was such a contract made and entered into, and in not permitting appellant to introduce any evidence in support of same.

[1] There was no evidence introduced by the appellant. Hence under the admission of appellant the court could do nothing else than to instruct a verdict for appellee. The only assignment that could raise an issue as to excluding the testimony offered is the third, in which it is asserted the court would not permit any evidence in support of the alleged contract. There is no assignment that the court refused to hear evidence as to the breach of any contract. We think it exceedingly doubtful whether there is such an assignment, such as will permit us to consider any error the court may have committed in refusing to hear testimony upon the breach of the contract and consequent damages to appellant.

[2] This being a suit in trespass to try title, the admission of appellant admitted all the necessary facts to establish title in the appellee. The answer of appellee shows that Ray was the vendor of the land, reserving in the notes and deed the vendor's lien. The admission of appellant included the acknowledgment of the legal title in appellee; that is, that the contract of sale was executory, and that appellee had elected to rescind the same. It includes, further, the admission that the notes fell due, and that appellant defaulted in the payment, and that because of such default appellee had the right to rescind and recover the land. Now the answer seeks to show there was no such default because of an agreement to extend the time of payment for a reasonable time in order to permit appellant to effectuate a sale. This answer will contradict the admission that appellant had defaulted, and that appellee had the right to rescind. We believe the trial court correctly held appellant could not do this under his admission, for the reason the admission was the declaration that his answer in that particular was not true, and was an admission that he had defaulted, and that the time of payment had not been extended. Meade v. Logan, 110 S. W. 189.

The appellee also objected to the testimony offered to prove the agreement that the agreement testified to violated the statutes of fraud. We are inclined to believe the objec-

tion is well taken to the testimony. We, however, will not discuss this question, and only cite the cases relied on by appellant which sustain the proposition contended for by appellant. Thomas v. Hammond, 47 Tex. 42; Railway Co. v. Wood, 88 Tex. 191, 30 S. W. 859, 28 L. R. A. 526; Robb v. Railway Co., 82 Tex. 392, 18 S. W. 707; and several other authorities cited by appellant. However, we are inclined to believe this case upon the testimony objected to is distinguishable from the authorities cited.

[3-5] We will not, however, base our affirmance of the case on this ground, but prefer to do so on the ground suggested by the trial court. We believe if the testimony had been admitted under the admission of appellant, appellee was entitled to the judgment for the land, and he would also have been entitled to such judgment under the answer of appellant, for the reason that he shows the notes were vendor's lien notes and unpaid but he does not offer in his pleadings to pay them; but simply sues for damages on a breach of contract. His assignments do not, in our judgment, raise or present the question that the court was in error in refusing to try the case on his pleadings alleging breach of contract; but we believe they only support the proposition that the court erred in instructing a verdict for plaintiff for the land, and will not support the proposition that the court erred in refusing to submit to the jury the question of damages under an alleged breach of the contract. This allegation of appellant we think was a separate and distinct cause of action from a suit in trespass to try title, and if this separate cause should have been submitted, we believe an assignment should have been presented to this court involving the proposition. The testimony offered to prove the contract, and excluded, is not the agreement alleged. The evidence stricken out as to the agreement, as presented by the bill of exceptions, is that:

"Plaintiff [appellee] stated to him [appellant] that he [plaintiff] did not care to have the notes paid off, but wanted the interest to further accrue thereon; that plaintiff agreed to extend said notes a reasonable length of time, and would give defendant a reasonable length of time to sell the land in controversy if defendant would pay all interest up to and including April 10, 1913, and would have them paid off; that defendant paid said interest to April 13, 1913, and agreed not to have said notes paid off or taken up."

From this statement it is hard to tell just what the agreement was. It is first stated that it was agreed to "extend the notes a reasonable length of time," and to give a reasonable length of time to sell the land; that is, as we understand, in order that appellant might be able to pay the notes at extension. Then he states he "agreed to not have said notes paid off and taken up." When were they not to be paid off and taken up? Was it April 10, 1913, they were not to be

taken up, or at some future date? It is not stated or alleged when he paid the interest. If he paid it April 10, 1913, he only paid what was due. If the interest was to be paid at the expiration of a reasonable length of time, this was indefinite, and will not support the contract; and, further, an agreement must be mutual. Appellant, under the terms of this agreement, could pay the interest or notes at any time thereafter. If the extension had been for a definite time for the payment of the interest, it possibly would be valid. Webb v. Pahde, 43 S. W. 19. By this agreement, the creditor agreed to extend a reasonable time; the debtor does not agree that he will not pay until after that time, or, in case he does pay, he will pay the interest up to that time. Austin, etc., v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430. The appellant, by such an agreement, parted with no right or assumed no burden. Foster v. Ross, 33 Tex. Civ. App. 615, 77 S. W. 990. The payment of the interest was the amount due on the note is inferable from the testimony as well as from the answer. If it was due, the rights of the debtor thereto at that time cannot be denied. Krueger v. Klinger, 10 Tex. Civ. App. 576, 30 S. W. 1087. It will be noted this evidence does not establish the allegation:

"Defendant agreeing not to pay off and satisfy same and to pay on date of maturity of the second of said notes the interest on all of them."

If the evidence had shown that appellant agreed to pay the interest on all of these notes at the maturity of the second note, it would have shown a valid contract, supported by a consideration. The agreement under the testimony does not bind appellant to pay interest for any definite time. Norris v. Graham, 42 S. W. 575; Barlow v. Frederick, 44 Tex. Civ. App. 321, 98 S. W. 455.

We believe the case should be affirmed.