FRANK E. RAFEL, Plaintiff, *v.* EMILE F. MAURER et al., Defendants.

(Supreme Court, New York Special Term, December, 1917.)

Mortgages — foreclosure — when mortgagor not relieved from liability for deficiency — contracts — judgments.

In an action to foreclose a mortgage a mortgagor who has subsequently transferred the property is not relieved from liability for a deficiency judgment where there is no agreement in writing between his grantee and the mortgagee extending the payment of the mortgage or changing the rate of interest.

ACTION to foreclose a mortgage.

Sydney W. Stern, for plaintiff.

Blandy, Mooney & Shipman, for defendant Maurer.

William G. Johnson, for defendants Mathewson & Dymock.

NEWBURGER, J. This action is brought to foreclose a mortgage, and the only question to be determined is as to the liability of the defendant Maurer for the deficiency. The mortgage was made by the defendant Maurer for the sum of $4,000, with interest at the rate

Supreme Court, December, 1917. [Vol. 101.

of four and one-half per cent. Subsequently he transferred the property to the defendant Stokes, and the rate of interest at that time was five per cent. On September 15, 1914, plaintiff wrote a letter to the defendant Miss Stokes notifying her that the rate of interest on the mortgage from October 1, 1914, would be six per cent. There was no agreement in writing extending the payment of the mortgage or changing the rate of interest. As was said in *New York Life Ins. Co.* v. *Casey,* 178 N. Y. 385 : " That the mere change in the rate of interest  *  *  *  and in the payment by the owner of the mortgaged property is not in itself sufficient consideration for an agreement.  *  *  *  An agreement, which was unenforcible for want of any consideration, would not discharge the surety. The plaintiff did not bind itself to do anything in consideration of receiving an increased interest and the defendant does not appear to have received any benefit. There were no mutual promises disclosed." The evidence in this case clearly fails to establish that there was any binding agreement between the parties to change the rate of interest or that there was any consideration for such agreement. Judgment must therefore be directed for the plaintiff.

Judgment for plaintiff.