In the Matter of the Estate of ARTHUR L. AMSDEN, Deceased.— Decree affirmed, with costs. All concur.

MARGARET M. CURRAN, an Infant, etc., Appellant, v. EUGENE M. DALY, Respondent.— Judgment affirmed, with costs. All concur.

CHARLES WILLIAMSON, as Administrator, etc., of GEORGE HAROLD WILLIAMSON, Deceased, Respondent, v. INTERNATIONAL BUS CORPORATION, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $3,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and as so modified is affirmed together with the order, without costs of this appeal to either party. Permission is hereby given to the administrator to make such stipulation. All concur, except Taylor and Thompson, JJ., who dissent and vote for affirmance.

JOSEPH TROMPETER, Respondent, v. NEW YORK CASUALTY COMPANY, Appellant.— Judgment and order affirmed, with costs, on the ground that according to the undisputed testimony the assured Frank was the owner of the car within the meaning of section 59 of the Vehicle and Traffic Law. All concur.

In the Matter of the Examination of WILLIAM G. AGNEW and NEVA AGNEW in Proceeding Supplementary to Execution upon the Application of MERCHANTS NATIONAL BANK OF DUNKIRK, N. Y., as Guardian, etc.— Order affirmed, with ten dollars costs and disbursements. If the Supreme Court justice had jurisdiction to entertain this motion (See Civ. Prac. Act, § 778), there was no abuse of discretion. All concur.

ROBERT W. WEALE, Respondent, v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant.— Judgment and order affirmed, with costs. All concur.

ROCHESTER TRUST AND SAFE DEPOSIT COMPANY, Respondent, v. HERBERT J. STULL, Appellant, and Other Defendants.*— Judgment affirmed, with costs. Finding of fact contained in defendant Stull's request No. 5 disapproved and reversed as without evidence to support it. (See New York Life Ins. Co. v. Casey, 178 N. Y. 381; Rafel v. Maurer, 101 Misc. 621; affd., 183 App. Div. 931; York City & County Banking Co. v. Bainbridge, 43 L. T. Rep. [N. S.] 732; Schroyer v. Thompson, 262 Penn. St. 282; Claiborne v. Birge, 42 Tex. 98.) All concur, except Thompson, J., who dissents and votes for reversal of the judgment as to the appellant Stull, on the law.

JENNIE COGAN, Respondent, v. A. SPENCER SERVES and Another, Defendants, and SARAH COGAN and MEYER COGAN, Appellants.— Judgment and order modified on the law by reducing the verdict to the sum of $587 as of the date of the rendition thereof, and as so modified affirmed, without costs of this appeal to either party, on the ground that the plaintiff did not charge her individual estate with any part of her medical expenses except eighty-seven dollars which she actually paid and only as to that amount can the defendant be charged with liability for her medical expenses up to the date of the death of her husband. All concur.