# SUPREME COURT OF TEXAS.

## TYLER TERM, 1882.

### J. LYLE SMITH, ADM'R, v. W. E. SHINN ET AL.

(Case No. 1233.)

1. VARIANCE — EVIDENCE — PRESUMPTION OF POWER.— A patent was issued Decembe.· 12, 1860, to George W. Lernoyn, on a bounty land warrant, which was issued by the secretary of war of the republic of Texas in 1838. The warrant on its face recited, "and the said George W. Lernoyn, by his attorney, T. D. Tompkins, is entitled to hold said land, or to sell, alienate, convey and donate the same, and to exercise all rights of ownership over it." In trespass to try title to the land, brought in 1880 by those claiming title by purchase from the heirs of Geo. W. Lernoyne, and against one claiming under a transfer of the certificate by T. D. Tompkins in 1839, *held*,

(1) A variance between the word "Lernoyn," contained in the patent, and "Lernoyne," who in the pleading was alleged to have been the patentee, was not such a variance as could either have misled or resulted in a surprise on the trial, and was immaterial.

(2) Evidence by the son of Geo. W. Lernoyne, offered to prove the identity of his deceased father as the person to whom the patent was issued, that he had heard him say that he served in the revolution of 1836, was hearsay and inadmissible.

(3) It will be presumed, in the absence of evidence to the contrary, that the secretary of war acted within the scope of his authority in granting in the warrant the power of sale to Tompkins.

(4) The transfer of the warrant by Tompkins, *prima facie* conveyed the title.

(5) The jury should have been charged in regard to the staleness of the demand, and the presumption of authority in Tompkins to convey, resulting from the long acquiescence in his act by Lernoyn and his heirs.

APPEAL from Wise. Tried below before the Hon. C. C. Potter.

W. E. Shinn *et al.* brought this suit against appellant's tenants the 27th day of April, 1880, to recover the land described in the petition. They claimed the land as heirs and vendees of the heirs of Geo. W. Lernoyn, deceased, and derived title as follows:

1st. Bounty land warrant for three hundred and twenty acres of land, dated November 20, 1838, issued by the secretary of war to George W. Lernoyn.

2d. Patent issued to George W. Lernoyn by virtue of bounty warrant No. 4431.

3d. Heirship, and as vendees of the other heirs of George W. Lernoyn.

Appellant claimed title as follows:

1st. By virtue of said bounty warrant.

2d. Transfer of the same by T. D. Tompkins to Uri Holbrook, dated January 8, 1839.

3d. Transfer of same by Uri Holbrook to B. F. Wright, dated April 29, 1847.

4th. Location of the same by D. R. Mitchell for B. F. Wright upon the land in controversy in 1853.

5th. Patent to Lernoyn.

Appellant defended by general demurrer, general denial, limitation, lapse of time, and specially setting up title as above.

The appellees replied that if the defendants had held possession of the certificate as claimed, that then they obtained the same through fraud, and kept the same concealed from them until the year 1860; that the plaintiffs and those under whom they claimed had held adverse possession of the land for more than ten years before they were evicted by defendants.

The case was tried October 26, 1881, and resulted in a verdict and judgment in favor of appellees, from which Smith, as administrator of Wright, appealed.

The errors assigned were these:

1st. The court erred in permitting plaintiffs to read in evidence the patent to George W. Lernoyn.

2d. The court erred in permitting plaintiff to read the deposition of W. B. Lernoyn, "that he had heard his father say frequently that he was in the war of 1836."

3d. The court erred in not giving the special charges asked by defendants.

4th. The court erred in not granting defendants a new trial for the reasons in said motion stated.

The charges asked by appellant, and refused, were as to the presumption of the acquiescence by George W. Lernoyn in the transfer of the warrant by Tompkins, and as to limitation, by reason of the adverse possession of Holbrook and Wright for more than ten years before they located the certificate.

*Lovejoy, Dickson, Patterson* and *A. M. Carter*, for appellant.

[No briefs for appellee transmitted by the clerk.]

WATTS, J. COM. APP.— Appellant's first proposition is that the court erred in refusing to exclude the patent as evidence. The objection to its introduction is based upon a variance between the petition and the patent in respect to the name of the patentee. In the former the name is given as " George W. Lernoyne," in the latter as " George W. Lernoyn." In a motion filed by appellant for leave to withdraw title papers from the general land office, he states that the land in controversy was patented to Geo. W. Lernoyne by virtue of bounty warrant No. 4431.

To constitute a variance between the pleadings and evidence, the misdescription must be such as to mislead or surprise the adverse party. McClelland v. Smith, 3 Tex., 210; Hays v. Samuels, 55 Tex., 563. An examination of the record discloses the fact that the appellant was neither misled or surprised to his injury by reason of the supposed variance in the name of the patentee.

The evidence of W. B. Lernoyne, to the effect that he had frequently heard his father say that he had served in the war of 1836, was certainly hearsay and inadmissible. That evidence tended to identify the father as the same George Lernoyn to whom bounty warrant No. 4431 was issued. It might have been that, from the identity of the name, the jury would have found that the father was the Lernoyn to whom the warrant was issued, without the admission of that hearsay evidence; but we are not able to determine that such would have been the result.

In the body of the bounty warrant we find the following clause, to wit: "And the said Geo. W. Lernoyn, by his attorney, T. D. Tompkins, is entitled to hold said land, or to sell, alienate, convey and donate the same, and to exercise all rights of ownership over it."

There is no legitimate evidence in the record tending to show that this clause was not inserted in the warrant at the instance and request of Geo. W. Lernoyn. The presumption will be indulged, in the absence of evidence to the contrary, that the secretary of war acted within the scope of his authority. To overcome that presumption, the burden was upon the appellees to show that the clause under consideration was inserted through fraud, inadvertence or mistake, or that it was done without the knowledge or consent of Lernoyn. And more especially is this true, where, as in this case, the power is given in the very instrument that creates the right, and where more than forty years, after the exercise of that power by Tompkins, is permitted to elapse before it is contested.

In our opinion Tompkins had the *prima facie* right or authority to

make the transfer, which would convey both the interest of himself and his principal. Hough *v.* Hill, 47 Tex., 148; Veramendi *v.* Hutchins, 48 Tex., 553, and the same case decided at the last Galveston term.

In this particular the verdict was against the evidence. The court should have submitted to the jury the question of limitation and stale demand, and also the presumption of acquiescence by Lernoyne in the sale and transfer of the certificate or bounty warrant, by reason of the lapse of time and the other circumstances in the case.

We conclude that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved October 24, 1882.]