## MAX KRUEGER V. WILLIAM KLINGER.

### No. 1279.

1. **Amendments to Pleadings.**—By article 1292, Revised Statutes, pleadings can not be amended under leave of the court after the parties announce ready for trial. It was not error to refuse leave to defendant to amend a defective trial amendment after the trial had commenced and evidence had been offered.

2. **Agreement to Extend Time—Consideration—Pleading.**—After a promissory note becomes due, a payment thereon is not a consideration for an extension of the time for payment. The holder after maturity is entitled to both principal and interest. A plea alleging an agreement to extend payment of an overdue note upon a payment thereon, not stating a consideration, is bad on exception.

3. **Trial Amendment to Answer—Practice.**—Suit on promissory note by indorsee against maker and indorser. In original answer, the maker pleaded an agreement made with the payee to extend the time of payment "for a valuable consideration." This plea was held good on demurrer. But the maker—defendant—by trial amendment sought to cover defects in the original answer, setting up the particular consideration relied on, viz., payment of a named sum after maturity. This amendment vitiated the entire plea. It was not error in the court on the trial to prohibit the reading of the original answer after the trial amendment had been held bad on demurrer. The court properly held, that the specifications in the trial amendment referred to the valuable consideration stated in general terms in the original.

4. **Indorsement of Note—Legal Owner.**—The note declared on was indorsed in blank; this had the effect to put the legal ownership in the holder. Whether the indorsement was for a valuable consideration is of no concern to the maker, unless he has a defense that could only be made available against the original payee.

5. **Variance.**—A variance in description must be both material and misleading. See example when a discrepancy is held not to be a variance so as to require the exclusion of the paper under the pleadings.

6. **Charge to Find for the Plaintiff.**—Suit on promissory note by holder. There was no testimony but the note and indorsement thereon, and credits admitted in the petition. It was not error to charge the jury to find for the plaintiff—"The balance due on the note, after deducting all credits set forth in the petition."

APPEAL from Comal. Tried below before Hon. EUGENE ARCHER.

*L. Kœniger*, *L. H. Blevins*, and *F. J. Maier*, for appellant.—1. If an exception or demurrer is sustained to a pleading, and excludes therefrom a good cause of action or good ground for defense, he should be permitted to amend, even after announcement of ready for trial. Dewit v. Jones, 17 Texas, 623; Gamble v. Talbot, 2 Ct. App. C. C., secs. 214, 729; Jennings v. Moss, 4 Texas, 453; Phillips v. Pattillo, 18 Texas, 520; Gisriel v. Burrows, 72 Md., 373.

2. The filing of a trial amendment does not work an abandonment of an original pleading, and the sustaining of a demurrer to the trial amendment does not affect the original pleading, but leaves it in the same condition as before the trial amendment was filed. Rules for District Courts, 14, 27.

3. Defendant's agreement to forego his right to pay at any time and to keep the money for a year, was a valid consideration for the

extension of the time of payment of the note for one year. Simpson
v. Evans, 44 Minn., 419; Bank v. McDonald, 77 Wis., 486.

4. In a suit on a promissory note indorsed in blank after maturity,
the defendant has a right to plead and prove that plaintiff is not the
rightful owner or holder of the note, and that defendant is not in-
debted to plaintiff, whether he has a good defense against the rightful
owner or not. Whithed v. McAdams, 18 Texas, 551; Gregg v. John-
son, 37 Texas, 558; Tied. on Com. Paper, 295; Ashurt v. Royal Band,
.27 Law Times, 168; Rosebrough v. Gorman, 6 Texas, 313; Bank v.
Pennington, 42 Mo. App., 355; Bank v. Donnell, 35 Mo., 373; Wag-
goner v. Collins, 11 Wend., 27; Gully v. Remay, 1 Blackf. (Ind.), 69;
Taylor v. Surget, 14 Hun, 116; Const., art. 1, sec. 15; Williams v.
Davidson, 43 Texas, 38; Reynolds v. Williams, 1 Texas, 311; Lacroix
v. Evans, 1 Ct. App. C. C., sec. 749; Bookheim v. Alexander, 19 N.
Y., 776.

5. A note payable to M. Klinger, and indorsed in blank, will not
support a verdict in favor of William Klinger in the absence of evi-
dence of an assignment to William Klinger. Sweitzer v. Claflin, 74
Texas, 667; Johnson v. Arlidge (Texas), 17 S. W. Rep., 28; Bank v.
Pennington, 42 Mo. App., 355; Hudson v. Goodwin, 5 Har. & J. (Md.),
115; Menard v. Wilkinson, 3 Mo., 67; Bank v. McKinley, 5 Har. & J.
(Md.), 527; Day v. Lyon, 6 Id., 140; Ringold v. Tyson, 3 Id., 172;
Thompson v. Rathburn, 18 Ore., 202.

6. There is a fatal variance between the allegata and probata, in a
suit for the balance due on a note, when the pleading alleges the "bal-
ance is due and payable to plaintiff at New Braunfels, Comal County,
Texas," and the note shows on its face to be payable at Twin Sisters,
Blanco County, Texas. 1 Greenl. Ev., sec. 58; 1 Starkie Ev., 624, 625,
374; Shipman v. Fulcrod, 42 Texas, 248; Brown v. Martin, 19 Texas,
344; Hunt v. Wright, 13 Texas, 549; Thompson v. Rathburn, 18 Ore.,
202.

7. An allegation that the note is indorsed to plaintiff, and the note
is shown to be indorsed in blank, is a fatal variance. Sweitzer v. Claf-
lin, 74 Texas, 667; Johnson v. Arlidge (Texas), 17 S. W. Rep., 28;
Thompson v. Rathburn, 18 Ore., 202.

*J. D. Guinn,* for appellee, cited Rev. Stats., arts. 1193, 2972–2979;
Fisher v. Hooper (Texas), 21 S. W. Rep., 930; Contreras v. Haynes,
61 Texas, 105; Lewin v. Houston, 8 Texas, 94; Matossy v. Frosh, 9
Texas, 612; Rider v. Duvall, 28 Texas, 624; Railway v. Gentry, 69
Texas, 631; Wimbish v. Holt, 26 Texas, 674; Butler v. Roberts, 11
Texas, 142; Robinson v. Brinson, 29 Texas, 438; 25 Texas Supp., 246.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought April 24,
1894, by appellee, on a note of appellant to M. Klinger, or order, of
date January 14, 1890, for the sum of $2000, due two years after date,
bearing 7½ per cent interest per annum, and indorsed by the payee in

blank to appellee.    The petition alleges, that it was so indorsed about the 15th of March, 1894, for a valuable consideration.    The indorser was also made a party defendant.

Defendant Krueger filed a plea in abatement to the jurisdiction of the court, claiming his privilege to be sued in Blanco County, the county of his residence, but this plea was waived as stated in the judgment, and hence that issue is not before us.    Krueger set up in his original answer that M. Klinger agreed for a valuable consideration to extend the time of payment to January 2, 1895.    After announcing ready for trial, the court overruled plaintiff's exception to the answer, to the effect, that it did not show the extension was for a valuable consideration, but permitted defendant Krueger to file a trial amendment.    The trial amendment states, that it is filed for the purpose of covering defects in the original answer.    It then sets up, that " when the note first became due, to wit, on the 14th day of January, 1892, upon the payment of the interest on the same at the end of the year, defendant, M. Klinger, agreed to extend the same one year.    That again, on the 2nd day of January, 1894, and before the note became due, the said M. Klinger, for a valuable consideration, to wit, the sum of $150, paid to him by the said Max Krueger, agreed, for and in consideration of said $150 so paid on the 2nd day of January, 1894, to extend the time of payment of the principal of said note for another year.    That the extension so given for the year aforesaid was for a valuable consideration, to wit, the payment in advance of the sum of $150 for the year 1894, and for the years 1892 and 1893 the additional sum of $10, at the time of each of said extensions of said note by defendant M. Klinger to said defendant Max Krueger."    The plea was sworn to.

The petition of plaintiff admits that Krueger had paid the interest on the note to February 1, 1894, and $900 on the principal " on the 6th day of March, 1894."

Plaintiff, by supplemental petition, excepted to the trial amendment, upon the ground that if it were true it would not sustain the plea that the debt was not due before the suit was filed, and that it showed no consideration.

The court sustained the exception.    A jury was then impaneled and "the testimony of the case entered into," and then defendant Krueger asked leave to file an amended trial amendment, which was refused by the court.    The bill of exception shows, that it was the intention of defendant to set out more definitely and specifically the agreement and consideration paid for extension of time as set up in the original answer and the trial amendment.    The court refused to allow defendant to read his trial amendment and that part of the original answer containing the allegations of the agreement and consideration for the extension of time.    The refusal was upon the ground that exceptions to the trial amendment had been sustained, and it had been filed to cover defects in the original answer in regard to extension of time of payment of the note.    The court instructed the jury to find for plaintiff

for the amount due on the note, which had been read in evidence, and upon verdict for plaintiff for the balance due on the note as shown on its face, and indorsed and admitted credits, judgment was rendered for the plaintiff against both defendants. Defendant Krueger has appealed and assigned errors.

*Opinion.*—The court committed no error in refusing to allow defendant Krueger to amend his trial amendment. The trial had commenced before the jury, and evidence had been offered. It was then too late to amend the pleadings. Rev. Stats., art. 1192; Contreras v. Haynes, 61 Texas, 103. If defendant had offered to withdraw his announcement for the purpose of amending his plea, it would have been within the discretionary power of the court to grant the request. Whitehead v. Foley, 28 Texas, 10; Obert v. Landa, 59 Texas, 475.

There was no error in sustaining exceptions to the trial amendment, nor in refusing to allow it to be read, nor in refusing to allow defendant to read that portion of his original answer relating to the extension of time of payment of the note. The trial amendment showed no valuable consideration for the extension of time of payment of the note. The averment that an extension was granted for one year from the 14th day of January, 1892, upon payment of the interest due, shows that there was no consideration for the promise. If the averment is true that the note was then due, a payment on it would not constitute a valuable consideration. If the note was due, the right of the payee to payment of principal and interest could not be denied. Lane v. Scott, 57 Texas, 367; Gibson v. Irby, 17 Texas, 173. But if there had been a valid and binding agreement to extend the time for one year from the 14th day of January, 1892, the right to demand payment would only be postponed to the 14th day of January, 1893. After this time the note was due, and the alleged agreement of date January 2, 1894, to extend the time to 1895, based upon a consideration of $150, was in fact without consideration. The amount paid, whether principal or interest, was then due, and could not constitute a valuable consideration such as would support the agreement to extend the time. The consideration relied upon in the plea is the payment of the $150. No other consideration is alleged. The plea, as such, must be tested by its terms. It might be implied in proof that an agreement to extend the time of payment of a note would contemplate an agreement on the part of the maker to hold the money and pay the stipulated interest during the time of extension. Such mutual promises have been held to constitute a legal consideration, upon the ground that the payee would be benefited, or at least desirous of continuing the investment bearing interest. Benson v. Phipps, 87 Texas, 578; Real Estate and Abstract Co. v. Bahn, 87 Texas, 582. But no such consideration is alleged in the plea. The consideration set up rests wholly upon the payment of the $150. If there were

other considerations they were not set up, and as a plea stating a legal obligation it was insufficient, and no proof could be heard under it.

But appellant contends that his original answer, stating in general terms that the promise was made to extend the. time for a valuable consideration, was a good plea, and that, as the court had overruled plaintiff's exceptions to it, he should have been permitted to read it to the jury. Defendant was not satisfied with the ruling of the court sustaining the original answer, and filed the trial amendment to cover. defects in the original answer, which set up the particular consideration relied upon. The trial amendment was evidently intended to state the very consideration referred to in the original answer, and the court did not err in so construing it, and in construing it and the original answer on this point together. It had the effect to destroy the original answer and make it also a bad plea—if it were not so before. So we conclude that the court did not err in holding that the original answer in this respect was ruled out of the case by the ruling on the trial amendment, the latter being a part of the former. There was no error in excluding the testimony in support of the plea.

Defendant Krueger denied under oath that plaintiff was the owner of the note, claiming that it had never been assigned by M. Klinger to him for a valuable consideration. This was a matter of no importance to him, unless he had defenses that could be urged against the original payee that were not available against the plaintiff. The note was indorsed by the payee in blank, and this had the effect to put the legal ownership in the holder. Hansborough v. Towns, 1 Texas, 61; Thompson v. Cartwright, 1 Texas, 87; McMillin v. Croft, 2 Texas, 399; Knight v. Holloman, 6 Texas, 159, 160; Butler v. Robertson, 11 Texas, 143; Carter v. Eames, 44 Texas, 547. Defendant had no defenses against the note that he could not assert as well against the holder as against the payee. Plaintiff's position shows that the note was indorsed March 15, 1894—long after maturity. Defendant waived his plea in abatement to the jurisdiction of the court over his person. There was no issue in the case making the real ownership of the note a matter of any moment to defendant Krueger. Plaintiff had the right to sue on the note and maintain his suit against defendant Krueger.

The court did not err in permitting the note sued on to be read in evidence, over objection by appellant, that there was a variance in the allegations and proof of the same. The petition does not allege that the note stipulates its payment in New Braunfels, Comal County. It alleges that certain payments were made on the note, and that the balance "is due and payable in Comal County." This was the residence of the defendant M. Klinger, sued as indorser, and this fact would make the note payable and suable in Comal County, at New Braunfels, the county seat. There was no variance, but if there was it was not material, was no surprise to defendant, and could work no injury. A variance in description must be both material and misleading. Longley v. Caruthers, 64 Texas, 288; May v. Pollard, 28 Texas,

677; Hays v. Samuels, 55 Texas, 563; Smith v. Shinn, 58 Texas, 1; Bank v. Stephenson, 82 Texas, 436.

There being no testimony before the court but the note sued on, the indorsement thereon, and the credits admitted in the petition, it was not error to charge the jury to find for plaintiff against defendants for "the balance due on the note, after deducting all credits set forth in the petition."

There was no error in the verdict or judgment of which appellant can complain, and the judgment is affirmed.

*Affirmed.*

Delivered May 15, 1895.