## WELD–NEVILLE COTTON CO. v. LEWIS.

(Court of Civil Appeals of Texas. El Paso. Feb. 5, 1914. Rehearing Denied Feb. 26, 1914.)

1. PLEADING (§ 374*) — ISSUES, PROOF, AND VARIANCE.

Plaintiff must prove his case as he has alleged it and in every material particular.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1217–1223; Dec. Dig. § 374.*]

2. SALES (§ 355*) — ACTION FOR PRICE — ISSUES, PROOF, AND VARIANCE.

Where, in an action for the price of cotton shipped to defendant, the petition alleged that plaintiff shipped the cotton to defendant and was to have the market value at the time of its reception by defendant, and the evidence was that plaintiff expected defendant to hold the cotton until after a certain date, and failed to show the exact date when the cotton was received, there was a failure of proof.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1025–1043; Dec. Dig. § 355.*]

3. TRIAL (§ 243*) — INSTRUCTIONS — PREPONDERANCE OF EVIDENCE.

Where, in an action for the price of cotton, wherein defendant pleaded that it had paid another person believing him to be the owner, and estoppel of plaintiff to deny that such person was the owner, the court instructed affirmatively in one part of his charge that plaintiff must prove by preponderance of the evidence the allegations in his petition to enable him to recover, and in another part charged to find for plaintiff if the defendant had not established his plea of estoppel, there was error, since it could not be told upon which theory the verdict was rendered.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 564, 565; Dec. Dig. § 243.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by F. N. Lewis against the Weld-Neville Cotton Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and W. A. Parish, of New York City, for appellant. John I. Moore, of Crockett, and Woods & Harris, of Houston, for appellee.

HARPER, C. J. This suit was instituted by F. N. Lewis in the Sixty-First district court of Harris county to recover an alleged indebtedness of $858.35 due for 60 bales of

cotton alleged to have been sold the defendant, Weld-Neville Cotton Company.

The plaintiff alleged in substance: (1) That about December 17, 1910, and for a long time prior thereto, and ever since said date, the defendant was and is engaged in buying and selling cotton in the city of Houston, Harris county, Tex.; that it usually, frequently, and customarily bought cotton from customers throughout the state of Texas, and usually, frequently, and customarily had its customers ship to it cotton, either directly or through some local bank in the city of Houston, and would receive such cotton and account to its customers thereafter, and pay to such customers the market value in the city of Houston, on the date of its reception, according to its grade, quality, and classification, and would remit to such customers the value thereof. (2) That on December 17, 1910, the plaintiff shipped from Lovelady, Tex., 60 bales of cotton consigned to the First National Bank of Houston, Tex., with draft against the defendant company for the sum of $3,500 attached to the bill of lading, with instructions to notify the said Weld-Neville Cotton Company. (3) That the defendant company frequently and customarily received cotton from customers throughout the state, with bill of lading consigned to some local bank in the city, with draft attached for a part of the value of said cotton so shipped; that said local bank understood upon receipt of said bill of lading and draft, and was so instructed by plaintiff, to deliver the bill of lading to the defendant company and collect the amount of the draft attached. (4) That the value of said cotton so shipped at the time it arrived in Houston was $4,362.-60, and, after deducting the sum of $4.25 as exchange, there was a balance of $858.35 owing plaintiff by defendant company. In other words, the plaintiff brought this suit to recover the $858.35 sued for, or any other sum.

The defendant answered by general demurrer, general denial, and specially pleaded: (1) That plaintiff was not entitled to recover herein for the reason that the defendant paid one C. C. May the $858.35 which the plaintiff sues for, believing, as the defendant had the right to believe, that the said May, so far as the plaintiff was concerned, was the real owner of said 60 bales of cotton, and was entitled to receive the proceeds of the sale of said cotton after said draft was paid; and the plaintiff is estopped to deny that such was the case because: (a) That between December 17 and December 19, 1910, a draft for $3,504.25 drawn at Lovelady, Tex., by one F. N. Lewis, in favor of the First National Bank of Lovelady, indorsed by this bank and secured by a bill of lading on 60 bales of cotton, was presented to it. That defendant had not been notified by anybody of that name that he intended to ship the defendant any cotton, and the defendant was not doing business with anybody by that name at Lovelady, Tex. That the defendant did not know at what price the owner of the said cotton wanted to sell it, or when he wanted it sold, or what he wished done with the proceeds. That when the draft was presented the cotton had not arrived in Houston, and the defendant could not safely, and would not on the face of the papers alone, pay the draft, because it knew nothing about the real weight, grade, or class of said cotton. That it was necessary that it should receive some other information about the shipment, and this the said F. N. Lewis was bound to have known. (b) That, at and before that time, C. C. May was known by the defendant to be a buyer of cotton in the neighborhood of Lovelady, and the defendant had bought some cotton shipped to it from Lovelady by the said May. That defendant notified May of this draft and he showed a perfect familiarity with the same, and represented to the defendant that the shipment had been made by Lewis to him; the arrangement between him and Lewis being that Lewis should draw on the defendant the amount of the draft and receive the balance, if any, of the sale of cotton from said May. That the bill of lading accompanying the draft was negotiable in form, and was indorsed in blank by said Lewis.

The plaintiff, in his first supplemental petition, pleaded general demurrer, general denial, and specially denied that he ever authorized C. C. May to collect any money from the defendant, or authorized the defendant to pay same to the said May. The case was tried on November 19, 1912, and resulted in a verdict and judgment for appellee for the sum of $858.35, with interest at 6 per cent. from January 1, 1911.

Appellant's first and second assignments charge that the court erred in not instructing a verdict for him because the evidence was not sufficient to support a verdict and because the allegations in plaintiff's petition did not correspond with the proof.

[1] In view of another trial of this cause, we refrain from discussing the above assignments further than with the observation that the plaintiff must prove his case as he has alleged it, and in every material particular. The plaintiff alleged that the shipment was made to Weld-Neville Company. The proof is that, whatever his intentions were in the shipment, he was following instructions given by one May, who in no way represented Weld-Neville Company. Again, if Weld-Neville Company are to be held for the price of the cotton, the proof as to price to be paid must be proved, as alleged.

[2] The allegation in this case is that he was to have the value of the cotton at the time it arrived in Houston, and the evidence indicates that he expected them to hold it until after a certain date; besides the evidence is rather indefinite as to the price of cotton at the date plaintiff alleged current prices should control. Witness Cairnes is

the only witness who attempts to testify as to the price of the cotton, and the jury evidently rendered their verdict upon his statement that "when the cotton was sold there was a balance due of $858.35," and no witness anywhere attempted to fix the date of the arrival of the cotton in Houston, so the amount found may be either more or less than the price of cotton at the date of its arrival in Houston, which must be the measure of plaintiff's recovery, if at all, for that is the allegation.

[3] In his third and fifth assignments appellant complains that the court erred in his charge upon estoppel as pleaded by defendant, below, which charge is as follows, to wit:

"(7) If you believe from the evidence that the defendant customarily bought cotton from customers throughout the state of Texas, and had them ship it cotton at Houston and would receive such cotton and account to said customers for the market value of said cotton in the city of Houston on the date of its reception, and if you believe that the plaintiff shipped 60 bales of cotton consigned to the order of the First National Bank of Lovelady, Tex., with a draft against the defendant for $3,504.25 attached to the bill of lading, with instructions to notify Weld-Neville Cotton Company, then you will find for the plaintiff for the difference, if any, between the amount of said draft and the value of said cotton at the date of its reception in Houston, unless you find for the defendant under the instructions hereinafter given you.

"(8) The burden is on the plaintiff to prove the facts necessary to entitle him to recover, as herein charged, and, unless you find said facts from a preponderance of the evidence, you will return your verdict for the defendant.

"(9) The defendant alleges that either the plaintiff expressly authorized the said C. C. May to control and dispose of the shipment of cotton and himself settle with plaintiff, or the plaintiff acted in such a way as reasonably to cause the defendant to believe that such was the fact, and that plaintiff is estopped thereby. On this branch of the case, I charge you that when a person, by words or conduct which are calculated to mislead, causes another person, acting with reasonable prudence, to believe in the existence of a certain state of facts, and thereby induces him to act on that belief so as to change his previous condition, the person so inducing such belief will be estopped from afterwards denying the existence of such state of facts to the prejudice of the person so acting. Thus, if you should find that the plaintiff drew a draft for $3,504.25 on the defendant with bill of lading for 60 bales of cotton attached to it, indorsed in blank, and that the plaintiff did not communicate with the defendant about said cotton either before it was shipped or for some time afterwards, but you find that the plaintiff informed one C. C.

May of his intentions in regard to said cotton, and if you believe from the evidence that said nonassertion of any claim or interest in said cotton by the plaintiff during said time, coupled with other facts, if any, alleged by the defendant and found by you, was reasonably calculated to cause the defendant, acting with reasonable prudence under the circumstances, to believe that the said May was the owner of said cotton, and if you find the facts necessary to constitute estoppel, you will return your verdict for the defendant.

"(10) If you do not find the facts necessary to support the plea of estoppel as set forth in the preceding paragraph, then you will find against the defendant on this issue.

"(11) Whether the plaintiff did or did not so act with relation to the shipment of the cotton and to the handling of it as to induce defendant to reasonably believe that May was authorized to receive payment of the balance of $858.35 and thereby bring about such condition and such belief on defendant's part as was sufficient, under instructions given you in paragraph 9, to estop plaintiff to deny May's authority to receive the payment is a question of fact for you to determine. If he did not so act, he is entitled to recover. If he did, he is not."

It will be noted that in paragraph 7 the jury are charged affirmatively that plaintiff must prove by a preponderance of the evidence the allegations in his petition to enable him to recover, and in paragraph 11 they are charged in effect to find for plaintiff if the defendant has not established his plea of estoppel. No one could tell upon which theory the verdict was rendered. Baker v. Ashe, 80 Tex. 361, 16 S. W. 36.

The charge being manifestly erroneous, the cause must be reversed and remanded for a new trial, and it is so ordered.