LEWIS v. FARMERS' & MECHANICS'
NAT. BANK OF FT. WORTH.
(No. 8897.)

(Court of Civil Appeals of Texas. Ft. Worth.
June 15, 1918.)

1. BILLS AND NOTES ☞489(7) — PLEADING
AND PROOF—VARIANCE.
Where plaintiff suing on notes alleged that
it acquired them by written transfer and evi-
dence showed that there was no indorsement or
writing, there was nevertheless no variance, in
view of Vernon's Sayles' Ann. Civ. St. 1914,
art. 1994, as to variances, and article 582,
permitting suit by assignee of a note; produc-
tion of the note being presumptive evidence of
ownership, especially where the original payee
was a party.

2. TRIAL ☞352(5)—SUBMISSION OF ISSUES—
FORM.
In action on note where fact of transfer was
disputed, issue whether payee transferred the
notes to plaintiff in good faith before due
should have been divided; one issue being
whether there was a transfer, and the other
whether it was in good faith before the due date.

3. TRIAL ☞252(13) — INSTRUCTIONS — CON-
FORMITY WITH EVIDENCE.
In action on note defended on ground of
breach of warranty, in the absence of evidence
that alleged warranty was mere statement of
opinion, instruction that defendant was not lia-
ble if the alleged warranty was mere state-
ment of opinion was erroneous.

4. BILLS AND NOTES ☞537(5)—ACTIONS—
QUESTIONS FOR JURY.
Evidence held to present jury question
whether plaintiff in action on note was the
owner of the note.

5. TRIAL ☞350(4)—SPECIAL ISSUES—SALES.
In action on note for price of automobile,
defense being breach of warranty, the court
should have submitted the special issue what,
if any, was the difference between the reasona-
ble market value of the automobile in its de-
fective condition and its reasonable market
value if it had been as represented.

6. SALES ☞440(2)—BREACH OF WARRANTY
—EVIDENCE.
In action on note, for price of automobile,
defense being breach of warranty, plaintiff's
president could testify that he had instructed
salesman not to warrant the automobile.

7. PRINCIPAL AND AGENT ☞150(2)—ACTS
OF AGENT—WARRANTY—LIABILITY OF PRIN-
CIPAL.
Notwithstanding principal had instructed
agent not to warrant automobile, it was liable
on the warranty if actually made by the agent.

Appeal from Tarrant County Court; Geo.
E. Hosey, Judge.

Action by the Farmers' & Mechanics' Na-
tional Bank of Ft. Worth against A. S.
Lewis, in which defendant brought in the
Hodge-Pemberton Auto Company and com-
plained against it, and the Auto Company
answered. Judgment for plaintiff and
against defendant on his cross-action, and
defendant appeals. Reversed and remanded,
with instructions.

Alexander, Baldwin & Ridgway, of Ft.
Worth, for appellant. Simpson & Estes and
Ocie Speer, all of Ft. Worth, for appellee.

BUCK, J. The Farmers'. & Mechanics'
National Bank of Ft. Worth brought this
suit against A. S. Lewis on two promissory
notes, each in the sum of $150, dated Novem-
ber 15, 1911, executed by defendant and pay-
able to Hodge-Pemberton Auto Company, or
order, due 90 days and 6 months, respective-
ly, from date. Plaintiff further alleged
that:

"Before the maturity of said notes, the said
Hodge-Pemberton Auto Company by its indorse-
ment of said notes in writing appointed the
contents thereof to be paid to plaintiff."

Defendant answered by general denial, and
for special answer denied that plaintiff was
the bona fide owner of said notes, and al-
leged that said notes were given as part pay-
ment for one Whiting automobile purchased
by the defendant from Hodge-Pemberton
Auto Company, the purchase price being
$550, of which amount $250 was paid in
cash; that said auto company represented
and warranted to defendant that said auto-
mobile was of good workmanship and materi-
al and that it would run well and perform the
work for which it was intended in a first-
class manner; that said auto was fairly
tried, but did not run or perform its work
well, and was defective in workmanship and
material, the answer setting out the respects
in which it was alleged the auto was defec-
tive. Defendant pleaded that the considera-
tion had failed for which the notes had been
issued, and that, if plaintiff had purchased
the notes, it did so after the maturity there-
of, and with knowledge of the defects in the
car pleaded and with notice of the facts.
Defendant prayed that the auto company be
made a party to the suit, and that plaintiff
recover nothing against him, and that he
have judgment against the auto company for
$200 alleged to have been expended for re-
pairs on the car, and, in the alternative, that
he have judgment over against the auto com-
pany for any amount which the plaintiff
should recover against him. The auto com-
pany answered by general denial, and spe-
cially denied any warranty of the automo-
bile, and denied any defect in workmanship
or material. The cause was submitted to a
jury on special issues, and judgment render-
ed for plaintiff as prayed for, and in favor
of the auto company on defendant's cross-
action. Defendant A. S. Lewis has appealed.

[1] The first and second assignments urge
error in the failure of the trial court to give
peremptory instruction for defendant, be-
cause of lack of proof to sustain plaintiff's
cause of action pleaded. It is contended that
plaintiff pleaded that it acquired the notes
by written transfer, and that the evidence
showed that if it acquired said notes at all
such acquisition was without indorsement or
any written transfer. Appellant insists that,
under the rule that pleading and proof must
correspond, plaintiff failed to sustain by
proof the facts pleaded. He cites article
1994, Vernon's Sayles' Texas Civ. Stats.; Ma-
son v. Kleberg, 4 Tex. 86; Lumber Co. v.
Hines, 184 S. W. 596; Loop v. Ogburn, 180

S. W. 914; Padgett Bros. v. Dorsey, 194 S. W. 1124; Weld-Neville Cotton Co. v. Lewis, 163 S. W. 667; Cooper v. Loughlin, 75 Tex. 524, 13 S. W. 37; and other decisions, which sustain the general rule relied on and further cites cases, such as Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; Morris v. Kasling, 79 Tex. 141, 15 S. W. 226, 11 L. R. A. 398, and Kindell-Clark Drug Co. v. Myers, 140 S. W. 463, to the effect that facts not pleaded, though evidence thereof be admitted without objection, cannot form the basis of a judgment.

In case No. 8885, entitled Chas. Nimmo v. C. A. O'Keefe, 204 S. W. 883, recently decided by this court, not yet officially published, we had occasion to discuss the principles involved in these two assignments. In the cited case plaintiff alleged that certain fraudulent representations, which he claimed entitled him to a rescission of the contract sought to be canceled, were made by the agent of the defendant. Evidence of the alleged misrepresentations made by the agent were admitted without objection, and judgment was rendered for plaintiff. Defendant, as appellant in this court, urged that the judgment should be set aside because of a variance between the allegations and proof. In that case the court said:

"The case of Lewis v. Hatton, 86 Tex. 533 [26 S. W. 50], held that under a petition alleging that the sheriff had unlawfully taken possession of certain property proof was inadmissible that a deputy of the sheriff had made such levy, but here the testimony was objected to when offered, and the Supreme Court reversed the judgment of the Court of Civil Appeals and the trial court, on the ground that such testimony was inadmissible against objection seasonably urged and constituted a variance between the allegata and probata. See Tarver v. Carter (Civ. App.) 42 S. W. 229. In Moody & Co. v. Rowland [100 Tex. 363], 99 S. W. 1112, cited by appellant, it was held that the fact that evidence not within the issues pleaded was admitted without objection would not authorize a charge thereon. But from a careful reading of that case and the authorities there cited, it will be found that the proposition of law there enunciated is not a rule of evidence, but rather a rule of pleading. One must allege in his pleadings the essential grounds of his recovery, or of a special defense, and evidence admitted, though without objection,' will not avail the litigant unless it be in support of allegations made in his pleadings. In other words, the party must first plead the facts which the proof offered tends to establish before such proof will be admissible, or, if admitted without objection, will avail him anything. In the instant case the cause of action would have been the same had the misrepresentation been alleged to have been made by the principal or by the duly authorized agent, for it is a well-recognized maxim of agency 'qui facit alium facit per se'; and if the act of the agent be a lawful one, done in the name and behalf of the principal, and by the principal's implied or express authority, the principal is bound as fully as if he himself had acted in the premises. The contract made or the obligation assumed is just as binding in one case as in the other. If the party who attempts to bind the principal seeks to show that the principal's liability arose by reason of the acts or words of a duly authorized agent, and no objection is made, at the time such evidence is offered, to the manner of proof, the adverse party waives any objection on the ground of variance. 31 Cyc. 723. The variance in this instance does not go to the substance of plaintiff's cause of action, as in the cases relied on by appellant, but merely to the manner or mode of proof."

We think the rule announced in Nimmo v. O'Keefe applies to the question involved in these two assignments. See Baldwin v. Polti, 45 Tex. Civ. App. 638, 101 S. W. 543, writ denied; Orient Land Co. v. Reeder, 173 S. W. 939. In 3 R. C. L. p. 980, § 190, it is said:

"The possession and production of a note uncanceled and unextinguished by indorsement of payments, or otherwise, is prima facie evidence that the holder is the owner, and that the note is unpaid. Indeed, the doctrine that the production of a promissory note at the trial of an action to recover the amount of it is sufficient proof of the plaintiff's ownership is too well settled now to be questioned"—citing authorities.

Article 582, Vernon's Sales' Tex. Civ. Stats., provides that:

"Any person to whom any of the said negotiable instruments may have been assigned may maintain any action in his own name which the original obligee or payee might have brought."

Since the original payee was a party to this suit and was in court by attorney and by pleading, defendant was thereby protected against any subsequent claim or suit which might have been prosecuted by the original payee on the notes, and if the transfer to the plaintiff by the Hodge-Pemberton Auto Company had in fact been made and delivery followed, though without indorsement or written transfer, plaintiff's ownership in the notes and its right to sue thereon in its own name would have been as effectually secured as though there had been a written transfer or an indorsement in blank. Any variance between the allegation and proof would have become immaterial, as it could have worked no injury to defendant; nor did he make any objection to the admission of the testimony or claim a surprise. In Krueger v. Klinger, 10 Tex. Civ. App. 576, 39 S. W. 1087, it was held that where defendant has no defenses against the original payee, it is immaterial that plaintiff was not a bona fide holder and that a variance in the description of the place of payment is not material where it does not mislead the defendant. In the instant case the court submitted the only defense relied on, to wit, that of representation and warranty, and the jury found against the defendant, and that the Hodge-Pemberton Auto Company, in making the sale, did not represent or warrant to the defendant that the auto sold to him was of good material and workmanship and that it would perform well the work for which it was purchased. Hence we conclude that under the circumstances shown the two assignments do not present reversible error.

[2] The third assignment is directed to the submission of special issue No. 1, to wit:

"Did the defendant Hodge-Pemberton Auto Company transfer said notes to the plaintiff, Farmers' & Mechanics' National Bank, in good

faith before said notes were due?" To which the jury answered, "Yes."

It is urged that this charge is on the weight of the evidence, inasmuch as it assumes that the Hodge-Pemberton Auto Company did transfer the notes in question to the plaintiff, and left to the jury only the question as to whether or not said transfer was in good faith before the maturity of the notes. While we are not prepared to say that the submission of the issue in the form given constituted a charge on the weight of the evidence, yet in view of our conclusion that other assignments present error requiring reversal of the judgment, and in view of another trial, we would suggest that the two issues involved in this submission of fact should be separated, and the jury be permitted to find whether or not any transfer was actually made by the Hodge-Pemberton Auto Company to the plaintiff, and, if so, whether said transfer was made before the maturity of the notes. Without setting out the evidence, we are of the opinion that it was an issuable question of fact as to whether any transfer had been made and also whether such transfer, if any, was made before maturity of the notes.

[3] The fourth assignment complains of the giving of plaintiff's specially tendered charge, to wit:

"You are instructed that to constitute a warranty there must be a statement of fact by the seller, and not a statement of opinion. You are therefore instructed that if you believe from the evidence in this case that what Ed Lewis said to A. S. Lewis at the time of the sale of said automobile as to the quality of said car, and as to what it would do, was the expression of the opinion of the said Ed Lewis, as to said car, then you cannot consider such statement as constituting a warranty of the car sold by Ed Lewis to the said A. S. Lewis."

It was in evidence that Ed Lewis, brother of defendant A. S. Lewis, was the salesman of Hodge-Pemberton Auto Company who effected the sale of the car to A. S. Lewis. At the time of the trial, Ed Lewis was dead, and the only proof as to what Ed Lewis said to A. S. Lewis and as to what representations or warranty, if any, he made to A. S. Lewis about the car, was contained in the testimony of the defendant, A. S. Lewis. The latter testified: That his brother told him that the auto company had some Whiting cars to sell. That defendant came from his home in Dallas to Ft. Worth and examined the car. That "it was a good looker," but that defendant did not know anything about autos except whether or not they would run. That his brother told him that the car was good mechanically, the material was all right, and that he guaranteed said auto to be a first-class car. That he told his brother that he wanted the car to use while visiting his territory as a salesman for a milling company, to visit towns within 20 or 30 miles of Dallas. That the representations and warranty made induced him to buy the car, and that he relied absolutely thereon. He also testified that he spoke to

C. T. Hodge, manager of the auto company, about the car, and that the latter said, "It is a dandy little car, just what you want for your trade." So far as we have been able to determine from an examination of the statement of facts, there is no controversy about what Ed Lewis said, and as to the purport of the language used, about which A. S. Lewis testified. It is true that the jury were not required to believe A. S. Lewis, as contended by appellee, even though he were not contradicted in his testimony; but we think it was improper for the court to instruct the jury, as contended, in the special charge given, in the absence of some testimony showing or tending to show that the statements made by Ed Lewis were merely expressions of opinion on his part, and that he did not intend, nor could A. S. Lewis reasonably have understood, said statements as representations of warranty. Hence we sustain appellant's fourth assignment. Mitchell v. Mitchell, 80 Tex. 101, 15 S. W. 705; Lee v. Yandell, 69 Tex. 34, 6 S. W. 665; Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963; Hale v. Barnes, 155 S. W. 358.

[4] We think the seventh assignment presents error, and that the court improperly refused to give in charge the defendant's tendered special issue, to wit: "Is the plaintiff bank the owner of the notes sued upon?"

B. H. Martin was the cashier of the plaintiff bank and also the treasurer of the auto company. J. T. Pemberton was the active vice president of the plaintiff bank and also the president of the auto company. Mr. Martin testified:

"No, I didn't give value for this note. I intended to collect it first. No, sir; I didn't credit the auto company with the value of this note. I have never done that."

The witness further testified that Hodge came in the bank and said:

"'Here are two notes we owe the bank; I am giving you these notes as part security. Take them and collect and credit them on our indebtedness.' I would not consider that a purchase; at the same time, it is an assignment of the note."

In a letter from the bank to the defendant, Lewis, dated January 31, 1913, from B. H. Martin on behalf of the bank, it is stated: "The notes have been placed with us, and we will have to insist on payment."

We are of the opinion that the testimony quoted, and other of like import, made it a question of fact whether or not the plaintiff bank had in fact purchased the notes or merely held them for collection. It is true that Mr. Martin further testified that he regarded the delivery of the notes by Mr. Hodge and his acceptance of them as constituting a contract of sale and purchase, but it was still a question of fact to be decided by the jury, and this fact may become material upon another trial, and in view of the instruction given, and complained of under the fourth assignment, we are not able to say that preju-

dicial error is not shown in refusing to submit this issue and also the issue tendered and refused, to wit, "Were the two notes placed in the bank for collection only?" requested by defendant, and to the failure to submit which the eighth assignment is directed.

Upon another trial, we think the court should submit, if the case be upon special issues, the issue requested by defendant, to wit: "Did the plaintiff bank become the owner of the two notes in suit after February 15, 1912?" While it is true that, in the first issue submitted, the question of fact was submitted as to whether plaintiff had acquired the notes in good faith before due, and if there were no other errors in the record calling for reversal of the judgment, we would not hold that the ninth assignment presenting this alleged error should be sustained, as constituting reversible error.

[5] We are of the opinion that the court should have submitted in substance special issue requested by the defendant as to what, if any, was the difference between the reasonable market value of the auto in its defective condition, if it was defective in material and workmanship, and its reasonable market value if it had been of good material and workmanship on November 15, 1911, though the form in which the issue was presented is perhaps subject to criticism as being on the weight of the evidence, in assuming that Ed Lewis did state to A. D. Lewis that the car was of good material and workmanship. While it appears on this appeal that the error, if any, of refusal to give this special issue, was cured by the verdict, in that the jury found no representation or warranty had been made by the auto company, yet upon another trial the evidence may be different and the finding different.

[6, 7] The fourteenth assignment complains of the admission of the testimony of C. T. Hodge, witness for the plaintiff and the defendant Hodge-Pemberton Auto Company, to the effect that he had given Ed Lewis instructions not to guarantee any part of the auto nor to make any warranties. We think this evidence was admissible, as contradicting the defendant's allegation that the plaintiff had warranted the car in the respects claimed. Hodge was the managing officer of the auto company, and we think it was competent to show by him that the corporation through him had instructed its salesman not to warrant the car. But, of course, this instruction would not absolve the auto company from liability on any warranty given by its salesman, if such warranty was given under circumstances which reasonably showed that the representation or warranty was within the apparent scope of such agent's authority.

For the reasons given, the judgment of the trial court is hereby reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded, with instructions.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes