### KOTHMANN v. PHIPPS.
### No. 14966.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 1, 1948.

Rehearing Denied Oct. 29, 1948.

Carrigan, Hoffman & Carrigan and Luther Hoffman, all of Wichita Falls, for appellant.

Houston McMurry, of Henrietta, and Donald & Donald and J. M. Donald, all of Bowie, for appellee.

HALL, Justice.

Appellee, L. J. Phipps, sued appellant, Wesley Kothmann, on August 21, 1947 in the District Court of Clay County, Texas, on three promissory notes dated September 8, 1945, and for foreclosure of a chattel mortgage securing same, of even date therewith, two of said notes being in amounts of $350.00 each and one for $1475.00, each providing for ten per cent interest and ten per cent attorney's fees, and were executed in part payment for personal property which appellee sold appellant.

Appellant answered by way of general denial and further pleading two specific payments, one of $500.00 on September 8, 1945 and one for $1250.00 paid on September 11, 1945; he also plead for an accounting and for credit on property which had been sold by and through a trustee of appellant, the proceeds of such sales having been turned over to appellee's attorney, and further seeking recovery against appellee in the sum of $500.00 as overpayment on said indebtedness.

Both appellee's supplemental petition and his testimony reflect that two sales were made to appellant, the first sale was on July 2, 1945 for livestock in the sum of $1775.00, at which time appellant made a down payment by check in the sum of $625.00. The second sale was on September 7, 1945 and on September 8, 1945 appellant gave appellee a check for $500.00, which was to be applied on the first sale, and on September 11, 1945 appellant paid appellee the sum of $1250.00, making a total payment of $2375.00; that the total of the two sales amounted to $4550.00, leaving a balance due of $2175.00, for which the three notes and mortgage were given.

Appellant's answer and testimony were to the effect that the total amount which he purchased from appellee in the first sale amounted to only $625.00 and therefore he had paid cash for the same in full, and that

the two payments of $500.00 and $1250.00 were to be applied on the three notes; that in the meantime a tractor had been sold for $450.00 net and another sale made which he did not know the exact amount received by his trustee; that in all he figured he had $300.00 or $400.00 due him by appellee.

The case was to a jury and its answer to the only issue submitted was to the effect that appellant had made no payments on the notes other than the $600.00 paid on or before August 27, 1947. In accordance with such finding the court entered judgment for $2289.90, including principal, interest and attorney's fees.

Appellant's objections to the judgment revealed in his four points are substantially as follows:

First, the court erred in refusing to allow appellant to testify that he had paid appellee one check for $240.00 and another check for $625.00.

Second, the court erred in allowing appellee to prove by witnesses Gates and Tisinger that a proposition of settlement had been offered by appellant to appellee and that such proposition of settlement was offered in an effort to compromise an existing controversy.

■ The first proposition is based on the following testimony adduced from appellee on cross examination, to-wit:

"Q. Now, Mr. Phipps, you admit getting one payment of $1250.00, don't you? A. Yes, sir.

"Q. And another check for $500.00? A. Yes, sir.

"Q. And another payment for $625.00 and another check for $240.00? A. No, sir."

The following objection made by appellee was sustained by the trial court:

"We object to any further checks because there hasn't been anything plead in this case alleging anything further and we ask that it be confined to those plead.

"The Court: Let's confine our proof to our pleadings, gentlemen.

"Mr. Hoffman (attorney for appellant): All right, we except, your honor.

"The Court: All right."

Appellant did not ask for a trial amendment, neither did he introduce any other testimony for the purpose of his bill of exception to show that he had made other payments. Under Rules 94 and 95, Texas Rules of Civil Procedure, we do not find the court erred in sustaining appellee's objection to the introduction of payments other than pleaded; however, both parties had testified to their version of a payment of $625.00. Appellant also testified on page 60 of the statement of facts that he made no further payments to appellee on the notes other than the $500.00 and $1250.00 payments.

We overrule appellant's proposition No. 1.

■ Proposition No. 2 is founded upon the testimony of two witnesses; first, Rex Gates, who testified in substance that appellant and Mr. Tisinger came to his office in the latter part of January or the first part of February, 1947, and called appellee's attorney, Houston McMurry, to Mr. Rex Gates' office and there in the presence of appellant, Mr. Tisinger, who was representing the interest of appellant, made appellee's attorney two propositions; one was a cash consideration of $750.00 and personal property in the sum of $750.00 for the payment of the notes, to which appellant's attorney objected, and requested that such testimony be stricken for the reason that the same referred to an offer of settlement in an effort to compromise a controversy. The other proposition made by appellant's trustee in his presence to appellee's attorney was to the effect that as appellant would earn money in the future he would prorate the same between appellee and other creditors of appellant, after living expenses had been deducted. This testimony was also objected to by appellant for the same reason; both objections were overruled. After these conversations, to-wit: on February 24, 1947, appellant made an assignment to Tisinger of certain property which he owned for the purpose of paying appellant's debts and said instrument recites, among other obligations, that appellant owes appellee the sum of $2250.00. We find that such testimony was no doubt introduced for the

purpose of showing admissions on the part of appellant and the record does not show there had been a dispute between the parties before the conversations took place. If such testimony would have committed error, the same was cured by the witness Tisinger who testified to the same two propositions above referred to by witness Gates without objection from appellant. Tisinger further testified that after such conversations, wherein he, Mr. Gates, appellant and appellee's attorney, Mr. McMurry, were present, he and appellant entered into the written agreement supra whereby he was to become the trustee for appellant's property. The witness further testified,

"Q. At the time he signed the contract (meaning appellant) at the time he signed his name on there which showed he owed $2250.00, did he at that time say, 'I don't think this is right and I am not going to sign it'? A. No.

"Q. Did he sign it voluntarily? A. I didn't make him.

"Q. How did you arrive at that $2250.-00? A. From the figures you all agreed on in Mr. Gates' office. I can't remember now whether the amount realized on the tractor was deducted after that or before that, my memory does not serve me on that."

He further testified that he had sent Mr. McMurry $150.00 while he was acting as trustee. We assume that said $150.00 plus the $450.00 which Mr. McMurry received from the sale of the tractor made the $600.00 credit which was set out in the special issue submitted to the jury.

We therefore overrule appellant's proposition No. 2. Sanford v. John Finnigan Co., Tex.Civ.App., 169 S.W. 624, writ refused; Lloyds America et al. v. Poe, 69 S.W.2d 160, writ dismissed; West v. Cashin, Tex.Civ.App., 83 S.W.2d 1001, writ dismissed; City of Santa Anna v. Leach, Tex.Civ.App., 173 S.W.2d 193, writ refused, W.O.M.; 17 Tex.Jur., p. 559.

Having overruled appellant's propositions Nos. 1 and 2, the judgment of the trial court is affirmed.