**TWIN CITY BOWLING LANES, INC., et al., Appellants,**

v.

**C. I. T. CORPORATION, Appellee.**

No. 16495.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 14, 1964.

Allred & London, and Marvin F. London, Bowie, for appellants Twin City Bowling Lanes, Inc., and W. Ray Harlow.

Joe H. Cleveland, Bowie, for appellant Ray Whittington.

Benson & Benson, and T. B. Coffield, Bowie, for appellee.

LANGDON, Justice.

This is a suit on a promissory note and foreclosure of liens on real and personal property securing the payment thereof. The note sued upon was fully described in the appellee's petition, including the commencing date of the 84 successive monthly installments, the provisions relating to interest, attorney's fees, indorsements, the unpaid balance, and assignment and transfer of the note and liens. It also contained appropriate allegations and prayer for payment of the unpaid balance with interest and attorney's fees provided by the terms of the note.

The appellants answered by way of special exceptions all of which were overruled by the court and by general denial. Trial was to the court without a jury.

The note and the indorsements thereon together with the instruments evidencing the liens and the assignments were placed in evidence. Judgment was entered for the appellee in the amount of the unpaid balance alleged to be due plus interest and attorney's fees as provided by the note.

We affirm.

The appellants in their brief concede that there is no dispute as to the execution of the note or the ownership thereof and they raise no question as to correctness of the balance due upon the note.

They contend the court erred in rendering judgment on the pleadings in the absence of evidence reflecting the amount due on the note, a proper calculation of the interest, the employment of attorneys and the amount of reasonable fees therefor. That the note or copy including the reverse side showing credits and dates or else a ledger sheet showing such credits should have been attached to appellee's petition and absent such attachments the contents of such instruments should have been set out haec verba in the petition.

Rule 59, Texas Rules of Civil Procedure, provides that notes and other written instruments, constituting, in whole or in part, the claim sued on may be made a part of the pleadings by copies thereof, or the originals, being attached or filed and referred to as such, or by copying the same in the body of the pleading in aid and explanation of the allegations and that such pleadings shall not be deemed defective because of the lack of allegations which can be supplied from examination of the written instruments so attached or filed.

While Rule 59, T.R.C.P., permits filing of or attachment of notes and other instruments to the petition or their incorporation into the body of the petition

it does not require it. Aetna Insurance Company v. Klein, Tex.Civ.App., 318 S. W.2d 464, reversed on other grounds, 160 Tex. 61, 325 S.W.2d 376; First National Life Insurance Company v. Vititow, Tex. Civ.App., 323 S.W.2d 313, dismissed.

It was not an absolute necessity that a note be set forth haec verba in the pleadings prior to the adoption of the present Rules of Civil Procedure. Only the provisions which were material and essential to a determination of the controversy were required. Ramsey v. Wahl (Com. of App.), 235 S.W. 838.

█ Thus if pursuant to Rule 45, T.R. C.P., the petition is in such concise and plain language as to give fair notice to the opponent under the allegations as a whole it is not necessary to attach to or incorporate the instruments sued on in the petition.

In pleading to a preceding pleading a party shall set forth affirmatively payment and any other matter constituting an avoidance or affirmative defense. Rule 94, T. R.C.P.

"When a defendant shall desire to prove payment, he shall file with his plea an account stating distinctly the nature of such payment, and the several items thereof; failing to do so, he shall not be allowed to prove the same, unless it be so plainly and particularly described in ·the plea as to give the plaintiff full notice of the character thereof." Rule 95, T.R.C.P.

█ Absence of a plea of payment renders evidence as to payment inadmissible. King v. Cash, Tex.Civ.App., 156 S.W.2d 307; Erback v. Donald, Tex.Civ.App., 170 S.W.2d 289; Kothmann v. Phipps, Tex.Civ. App., 214 S.W.2d 201.

█ Possession of a note at the time of suit, where there are no marks or indorsements on the note to show payment, is prima facie proof that the note is unpaid. Where the defendant interposes a plea of payment the burden of proving

the payment is imposed upon him. 9 Tex. Jur.2d, pp. 315, 316, § 288.

█ The appellee's petition was couched in plain and concise language and gave fair notice to the appellants of the claim upon which the cause of action was based in accord with Rule 45, T.R.C.P.

The appellee's petition alleged the face amount of the note and the amount which according to their books was unpaid. Under the pleadings the appellee limited his recovery to the sum alleged to be due. The burden then rested upon the appellants to affirmatively plead and prove the payment or release of any additional sums which would reduce the amount of the unpaid balance alleged to be due. Southwestern Fire & Casualty Company v. Larue, Tex., 367 S.W.2d 162.

It was held in Krueger v. Klinger, 10 Tex.Civ.App. 576, 30 S.W. 1087, that "There being no testimony before the court but the note sued on, the indorsement thereon, and the credits admitted in the petition, it was not error to charge the jury to find for plaintiff, against defendants, for 'the balance due on the note, after deducting all credits set forth in the petition.'"

█ When a note stipulates the attorney's fees as it does in the present case a holder is prima facie entitled to recover the sum stipulated. If there is any reason why such fees should not be paid it is a matter of affirmative defense. Thus, if a petition contains the necessary allegations for recovery of stipulated attorney's fees they may be allowed in the absence of plea and proof that the amount stipulated is unreasonable. 9 Tex.Jur.2d, pp. 295, 296, § 273, and authorities cited. See also 9 Tex.Jur.2d, p. 277, § 256.

In our opinion the trial court did not commit error in overruling the appellants' exceptions levelled at the pleading of the appellee or in entering judgment for appellee on the pleadings and proof presented. Judgment is accordingly affirmed.