878 ■

W. C. SIMPSON, Appellant,

v.

REPUBLIC NATIONAL BANK OF
DALLAS, Appellee.

No. 7716.

Court of Civil Appeals of Texas.

Texarkana.

April 5, 1966.

Richard C. Jenkins, Dallas, for appellant.

William D. White, Jr., White, McElroy
& White, Adair Dyer, Jr., White, McElroy
& White, Dallas, for appellee.

CHADICK, Chief Justice.

This is a suit for debt evidenced by a
negotiable promissory note. Summary
judgment was rendered favorable to note-
holder. The judgment of the trial court is
affirmed.

William D. White and the Republic Na-
tional Bank of Dallas, as plaintiffs insti-
tuted the suit against W. C. Simpson in a
District Court of Dallas County. White
was eliminated as a party before judgment.
According to plaintiff's trial petition the
note instrument is dated March 24, 1964, the
principal is $5,000.00, payable September
24, 1964, to the Republic National Bank of
Dallas, or its order, with interest from date
to maturity at the rate of 6% per annum,
and provided for interest at 10% per an-
num after maturity, for attorney's fees, etc.,
and was signed by W. C. Simpson as maker.
No payment, it is alleged, had been made
on principal or interest at the time suit was
filed. The total due, principal, interest and
attorney fees, is alleged to be $5,903.93 as
of February 25, 1965. Prayer was for judg-
ment for $5,903.93, and such other and fur-
ther relief the plaintiffs might show them-
selves entitled.

Besides a preliminary motion and several
special exceptions to plaintiff's pleadings
defendant Simpson's trial answer interpos-
ed a general denial and plead two affirma-

tive defenses, that is, (1) want of consideration, and (2) estoppel.

■ The bank moved for summary judgment. The note in suit was attached to the bank's trial petition. Neither the note instrument nor pleadings disclose credits to be applied or allowable against the note debt. On motion for summary judgment possession of the note and its presence before the court as a part of the pleadings entitled the bank to judgment on the prima facie case thus made. Twin Cities Bowling Lanes, Inc., v. C. I. T. Corporation (Tex. Civ.App.1964) 376 S.W.2d 94, no writ; "Bills and Notes", 9 T.J.2d, Sec. 270, 271 and 273; Rules 93 and 94, Vernon's Ann. Texas Rules.

Simpson opposed the bank's motion, urged his affirmative defenses, and filed an affidavit containing his version of the relevant facts. The following is his complete statement, to-wit:

"I. The note sued on in this cause is one of several renewal notes made successively by me to renew a certain note of mine executed in blank form and later filled in as to principal in the amount of $8400.00 payable to Republic National Bank of Dallas.

II. The Note for $8400.00 was based on a gambling debt by me to one Staarnor Bowman.

III. This gambling debt was at the time of my execution of the $8400.00 note represented by a check for like amount drawn by me and held by Staarnor Bowman.

IV. Staarnor Bowman and Ben A. Walker, an officer of Plaintiff Bank were present at the execution of this $8400.00 note.

V. Plaintiff Bank has admitted to Defendant through one of its officers that the proper loan committee never approved any $8400.00 loan to Defendant on said note.

VI. Defendant made certain payments on said note and these were accepted by said Bank.

VII. Defendant has applied for loans many times previously at various banks.

VIII. Defendant applied for the loan resulting in the $8400.00 note with the knowledge the loan could not be granted in view of Defendant's credit and certain banking practices at the time application for the loan was made.

IX. Said Mr. Walker personally took Defendant's written application for said loan in the presence of Mr. Bowman.

X. Said Mr. Bowman was at the time of the application a potential large customer of Defendant.

XI. This fact was well known to Mr. Walker at the time of the application.

XII. By Mr. Walker's conduct of and at the meeting at which the application was completed induced Defendant to believe that said loan would never be granted under these circumstances existing."

The trial court judgment by implication determined that the affidavit did not establish as a matter of law, or supply facts tending to prove the elements of, the affirmative defenses plead, that is, the affidavit did not raise material fact issues in that respect.

■ In disagreeing with the trial court in the conclusions mentioned, the appellant's brief states this view, to-wit:

"Appellant submits that at least one of two fact issues exists in this case, as drawn by Appellant's affidavit * * *.

These issues are: Whether or not Appellee was estopped to collect the note because of participation of Appellee's officer in the overreaching which characterized the inception of the note, of which the note sued on was a successor. The additional alternative issue also exists, to-wit: Whether or not the debt sued on retained the character of an uncollectible gambling debt because of participation by Appellee's officer in the creation of the debt, and in the knowing and willful substitution by trickery of one form of instrument representing the debt for another instrument, by conspiring to effect the substitution of a 'legal' for an 'illegal' evidence of indebtedness."

Upon examination of the facts set out in Simpson's affidavit, no competent proof is found tending to show that the indebtedness to the bank represented by the note in suit or its predecessors, including the original $8400.00 note, was held by the bank as a result of a gambling transaction participated in by the bank. The affidavit shows Simpson made an application to borrow $8400.00 from the bank at a time when he owed Bowman a gambling debt of the same amount. Neither the check representing the gambling debt nor an interest in it is traced to the bank. The only apparent relationship between the application and the gambling debt is that the application was made while Bowman was present and held the gambling debt check. The loan was subsequently made and the disposition of its proceeds by Simpson, as well as the disposition of the gambling debt by Bowman, cannot be determined from this record. The evidence does not raise fact issues tending to show Simpson received no consideration or an illegal consideration for his note. Further examination reveals the absence of facts showing alleged "implied representations" intentionally and falsely made by the bank to induce Simpson to execute the note in suit or its predecessor notes. There is no fact stated in the affidavit that reveals or suggests a conspiracy between the

Bank and Bowman to substitute the check for the original note or its successors. The trial court's disposition of these matters by its judgment is sustained by the record.

No valid defense or unresolved material fact issues with reference to the bank's suit for judgment on the note is presented by the record. All of appellant's points of error have been carefully considered. No error requiring reversal of the judgment is found. The judgment of the trial court is affirmed.